JOAN PHILLIPS, Plaintiff-Appellant, v. DALE JOHNSON, Defendant-Appellee.

Third District   No. 3—91—0345

Opinion filed June 29, 1992.—Modified on denial of
rehearing August 26, 1992.

Cusack & Fleming, P.C., and John F. Kamin, of Quinn, Johnston, Henderson & Pretorius, both of Peoria (Michael A. Fleming, of counsel), for appellant.

Mustain & Lindstrom and John T. Pepmeyer, of Pepmeyer & Pepmeyer, both of Galesburg (Douglas D. Mustain, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Plaintiff Joan Phillips appeals from the dismissal of her complaint for damages allegedly arising out of sexual abuse committed against her by defendant, Dale Johnson, when she was a child.

Plaintiff was 35 years old when she filed her complaint in the circuit court of Knox County on August 21, 1990. She alleged that defendant is her uncle, that at various times while she was a minor defendant touched and fondled her breasts and genitals and sexually abused her, and that defendant's conduct caused great emotional and mental anguish so that she repressed her memory of those events from her conscious mind for many years. Plaintiff further alleged that on August 22, 1988, during treatment for the emotional and psychological damage caused by defendant, she began to recall what defendant had done to her. Finally, plaintiff alleged that, as a result of defendant's conduct, she suffers physical, emotional, psychological, and mental injury, including depression, extreme anxiety, suicidal tendencies, night terrors, gastro-intestinal problems, various phobias, insomnia, and problems with marital and family relationships.

Defendant filed a motion to dismiss asserting, *inter alia*, that the complaint was barred by the two-year statute of limitations in that it was filed more than two years after plaintiff reached her 18th birthday. (See Ill. Rev. Stat. 1989, ch. 110, par. 13—211.) The trial court granted the motion to dismiss and then denied a subsequent motion to reconsider. This appeal followed.

The determinative issue is whether the two-year period of limitation on plaintiff's cause of action began to run in 1988 when she discovered the previously repressed events of sexual abuse or whether, as the trial court found, the limitations period began to run on her 18th birthday.

When the trial court refused to apply what is known as the "discovery rule," the court used a balancing test to determine that the hardship on plaintiff caused by the bar of her suit was outweighed by the burden on defendant to obtain proof of his defense after so many years. (See *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318.) The trial court also considered the nature of plaintiff's evidence and specifically stated that plaintiff's pleadings do not suggest that she has "any extrinsic verifiable evidence" and, further, that the completely subjective nature of the testimony and the lapse of time would make the evidence less trustworthy.

Looking at the history of the discovery rule in Illinois, court decisions and statutory provisions have held that, in cases involving allegations of medical malpractice, the statute of limitations begins to run when a person knows or reasonably should know of her injury and also reasonably should know that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Lutes v. Farley*

(1983), 113 Ill. App. 3d 113, 446 N.E.2d 866.) The case relied upon by the trial court, *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864, held that the discovery rule did apply in a strict liability action brought by an asbestos worker who had received medical treatment for breathing problems since 1957 but who did not learn that asbestos was the cause until 1973. In *Nolan* the court observed:

> "We hold, therefore, that when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed. In that way, an injured person is not held to a standard of knowing the inherently unknowable ***." 85 Ill. 2d at 171, 421 N.E.2d at 868.

A short time after the *Nolan v. Johns-Manville Asbestos* decision, the supreme court in *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416, 430 N.E.2d 976, explained further:

> "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences."

On a motion to dismiss, we must assume that the allegations of the complaint are true. Looking at the complaint here, plaintiff's allegations indicate that she did not have sufficient information to cause her to inquire as to the possibility of actionable conduct until she was able to break through her suppressed memory and recall that she had been sexually abused as a child. She argues that to deny applicability of the discovery rule would place an impossible burden upon those who have been sexually abused as children and whose memories of the abuse have been suppressed.

In a case very similar to the case at bar, *Johnson v. Johnson* (N.D. Ill. 1988), 701 F. Supp. 1363,[1] the 36-year-old plaintiff alleged that her father had abused her sexually between 1958 and 1968, that she had suppressed her memories of the abuse as a self-protecting measure, and that in 1987 during treatment she recovered her memory of the abuse. The United States District Court distinguished between those incest cases where the plaintiff knows of the sexual con-

---

[1]In defendant's petition for rehearing, he has cited a later decision in the same proceeding where the district court held that the plaintiff's action was now barred by the Illinois statute of repose effective January 1, 1991. *Johnson v. Johnson* (N.D. Ill. 1991), 766 F. Supp. 662.) See note 2, *infra*.

duct but is unaware of the physical or psychological problems caused by the abuse until past the period of limitation and those cases where the plaintiff has no memory of sexual abuse until shortly before suit is filed.

The court in *Johnson v. Johnson* examined those cases where the discovery rule has been held not to apply to the first type case. (See *DeRose v. Carswell* (1987), 196 Cal. App. 3d 1011, 242 Cal. Rptr. 368; *E.S. v. D.C.H.* (Mont. 1988), 754 P.2d 817.) The *Johnson* court observed that Wisconsin has held that a cause of action for incestuous abuse accrues when the victim discovers, or in the exercise of reasonable diligence should have discovered, both the fact and the cause of the injury. (*Hammer v. Hammer* (1987), 142 Wis. 2d 257, 418 N.W.2d 23, *review denied* (1988), 144 Wis. 2d 953, 428 N.W.2d 552.) By including discovery of the cause of injury as well as the fact of injury as bearing on the applicability of the discovery rule, the Wisconsin court indicated that it would apply the rule in both types of incest cases.

In the *Johnson* decision, the court also considered the contrary view of the Washington Supreme Court which held, in a 5 to 4 decision, that the discovery rule does not apply to either type of childhood sexual abuse case. (*Tyson v. Tyson* (1986), 107 Wash. 2d 72, 727 P.2d 226.) *Johnson* gave little weight to *Tyson* since that decision has been superseded by statute. See *North Coast Air Services, Ltd. v. Grumman Corp.* (1988), 111 Wash. 2d 315, 759 P.2d 405.

After reviewing these rulings in other States, the Federal court in *Johnson v. Johnson* determined that Illinois courts would take into account the equitable considerations involved and would allow the discovery rule to apply in the case of suppressed memory of childhood abuse. Subsequently, we had occasion to review a case where the plaintiff knew of the childhood abuse but was unaware of the causal connection between the abuse and the problems she suffered as an adult. In *Franke v. Geyer* (1991), 209 Ill. App. 3d 1009, 568 N.E.2d 931, this court acknowledged that the discovery rule could apply to a cause of action based on childhood sexual abuse.

We conclude that the manifest injustice of requiring plaintiff to know that which is inherently unknowable outweighs defendant's difficulty of proof in this case. To hold otherwise would deny a remedy to those who survive childhood sexual abuse by suppressing the memory of the abusive acts. Furthermore, the trial court improperly considered the reliability of plaintiff's anticipated evidence in ruling on a motion to dismiss the complaint. Psychological evidence is generally admissible, assuming that relevancy and foundational requirements

are met, and determination of credibility and weight are matters for the trier of fact.

An additional question presented by this appeal is whether plaintiff's cause of action is barred by retroactive application of an amendment to the statute of limitations (Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2 (effective January 1, 1991)), which provides in part:

> "(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years."

Obviously, the Illinois legislature has recognized that the discovery rule is applicable to childhood sexual abuse cases, as indicated in *Johnson v. Johnson* in 1988 and *Franke v. Geyer*, but has seen fit to place a 12-year limit on the availability of a remedy for such abuse.

The amendatory enactment also contains an express provision that it is to apply to actions pending on January 1, 1991 (the effective date of Public Act 86—1346), as well as to actions commenced on or after that date. In the instant case, defendant's motion to dismiss was heard on December 4, 1990, but was not decided by the trial court until a letter dated January 29, 1991, was sent to the attorneys. The applicability of Public Act 86—1346 was raised for the first time in plaintiff's motion to reconsider, and in denying that motion, the trial court cited the statute as an additional reason for dismissing the complaint, thus holding, in effect, that the statute did apply retroactively to bar plaintiff's remedy.

Where retroactive application is not expressly provided for, an amendment to a statute of limitations which decreases the time in which an action can be filed will not be applied retroactively so as to bar instantaneously an existing cause of action. Rather, an injured person must have a reasonable time after the effective date of the amendment within which to bring an action. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408.) Further, even when the legislature expresses an intent that the limitations period be shortened retroactively, courts will not allow the instantaneous termination of a cause of action which existed prior to the effective date of the statute unless the injured party has a reasonable period of time to file a complaint after the effective date. (*Klawitter v. Crawford*

(1989), 185 Ill. App. 3d 778, 541 N.E.2d 1159.) This court in *American Fly Ash Co. v. County of Tazewell* (1983), 120 Ill. App. 3d 57, 457 N.E.2d 1069, ruled that an amendment which shortens a limitations period will not be given retroactive effect if retroactive application would lead to unreasonable or unjust results. (Accord *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 484 N.E.2d 1220; *Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847.) As we said in *American Fly Ash Co. v. County of Tazewell*, questions of retroactive shortening of the period of limitations must be decided on the basis of whether basic concepts of justice, fairness and equity militate for or against retroactive application of the statute.

Defendant argues that plaintiff had no *bona fide* expectation of a right to a cause of action prior to the enactment of Public Act 86—1346, but, as we have already decided, plaintiff was entitled to the benefit of the discovery rule without any additional limitation prior to the statutory amendment. Additionally, we believe the 1988 decision in *Johnson v. Johnson*[2] created a *bona fide* expectation that Illinois courts would recognize such a cause of action.

Defendant cites two cases holding that retroactive legislation did not violate the Illinois or United States Constitution. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560 (where the medical malpractice statute of repose ended the period for bringing suit prior to discovery of the injury); *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 483 N.E.2d 226 (where retroactive legislation affecting contract rights was held constitutional).) Both cases are distinguishable from the case at bar since they did not involve the issue before us.

*Anderson v. Wagner* involved the constitutionality of legislation which had shortened the statute of limitations for medical malpractice actions to a period which expired before the injury was discovered or filed. The court ruled that the statute did not violate either the due process clause or the "special legislation" clause of the Illinois Constitution of 1970. Retroactive application to a pending suit was not considered. *Sanelli v. Glenview State Bank* involved a constitutional challenge to a statute which eliminated a cause of action for a violation of fiduciary duties when a bank serving as a land trustee loans money to the trust. The only issues in *Sanelli* involved questions of substantive

---

[2]In *Johnson v. Johnson* (N.D. Ill. 1991), 766 F. Supp. 662, the court did not consider the applicability of the statute of repose to pending cases, but rather *assumed* that the 1991 statute did apply to that case since the parties did not dispute its applicability.

rights, not the period for bringing suit. Neither case is controlling as to the issues raised in the case before us.

■■ Here plaintiff had filed her complaint prior to the effective date of the statute which shortened the period for filing. As we have indicated above, her complaint was timely filed pursuant to the discovery rule then in effect. Basic concepts of justice, fairness, and equity require that a cause of action for childhood sexual abuse not be extinguished by retroactive application of Public Act 86—1346 to a pending case. We hold that the ruling of the trial court to the contrary was erroneous.

For the reasons stated, we reverse the dismissal order of the circuit court of Knox County and remand this cause for further proceedings.

Reversed and remanded.

SLATER and HAASE, JJ., concur.