**Mary J. BOGGS, Plaintiff,**

v.

**Charles S. ADAMS, Defendant.**

**No. 91 C 2719.**

United States District Court,
N.D. Illinois, E.D.

Dec. 6, 1993.

Janine L. Hoft, People's Law Offices, Chicago, IL, for plaintiff.

Louis G. Hector, Evanston, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court are objections to the Magistrate Judge's Report and Recommendation ("Report"). The Magistrate Judge recommended that defendant Charles S. Adams' ("Adams") motion for summary judgment be denied.[1] The court has reviewed the Report and arguments of counsel on a *de novo* standard. *See* 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Report is rejected. Adams' motion for summary judgment on plaintiff's complaint for personal injuries seeking compensatory and punitive damages is granted.

## BACKGROUND

Plaintiff Mary J. Boggs ("Boggs") was born on March 18, 1947.[2] Adams, a close friend of the family, was born on January 28, 1909. When Boggs was age six, she lost her father due to illness. After the death of Boggs' father, Adams became a frequent visitor to Boggs' family and her home. Boggs alleges that during Adams' visits to her home, he sexually abused her repeatedly from the time she was twelve years of age until she was eighteen years of age: from 1959 to 1965. In addition to the years of alleged abuse from 1959 to 1965, Boggs testified during her deposition that Adams attempted to sexually abuse her in 1968 when she was twenty-one years of age and a college student. All of the alleged acts of sexual abuse took place in Illinois.

In 1965, Boggs graduated from high school and in 1969, she received a Bachelor's degree in Education from Western Illinois University and married Tom Boggs. In 1973, Boggs and her husband had their first child. In 1974, Boggs, her husband, and their son moved from Illinois to California. Adams remained in Illinois and for more than fifteen years Boggs communicated with him. In 1981, Boggs obtained a Master's degree in Education from California State University.

After twenty years of marriage, during the period of 1989 to early 1991, Boggs experienced problems with her marriage, reports of her son's lack of effort at school, a poor financial condition, and the deaths of her mother and two friends. Boggs claims, however, that her mental anguish and depressive state were caused solely by her memories of Adams' alleged abuse, which she allegedly began to remember on or after May 6, 1989.[3] Boggs alleges that she did not discover the years of alleged abuse or her injuries until on or after May 6, 1989 because she had repressed her memories of the years of alleged sexual abuse. On June 9, 1989, Boggs sought counseling and therapy for the first time. Thereafter, Boggs allegedly remembered additional episodes of sexual abuse committed by Adams.

After Boggs' family relocated to California, Boggs has been in constant contact with Adams through written communication, sending him some sixty-one letters, post cards

---

1. The summary judgment motion was heard by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

2. The following facts are drawn from the pleadings, affidavits and the statements of material facts prepared in compliance with General Rules 12(m) and 12(n) of the Rules of the United States

District Court for the Northern District of Illinois.

3. Boggs is unable to supply the exact date of her discovery of her memories of the alleged childhood sexual abuse.

and numerous family photos, and through a family visit in 1978 at Adams' home. The most recent communication was on May 29, 1989 after Boggs regained her memory of the alleged childhood abuse; however, she did not confront Adams or discuss any of her memories of the alleged sexual abuse. Rather, Boggs' May 29, 1989 letter was a friendly correspondence informing Adams about her general situation, her mother's physical condition, and the treatment plans Boggs had for her mother.

On May 6, 1991, Boggs filed a five-count personal injury complaint against Adams, invoking diversity jurisdiction and alleging the acts of childhood sexual abuse she remembered on or after May 6, 1989. At the time of the filing, Boggs was forty-four years of age and Adams was eighty-two years of age. The complaint is filed twenty-six years after the last act of alleged sexual abuse.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that for a party to prevail on a summary judgment motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Even though all reasonable inferences are drawn in favor of the party opposing the motion, *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir.1992), a scintilla of evidence in support of the nonmovant's position will not suffice to oppose a motion for summary judgment. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991). Instead, the nonmoving party must elucidate specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Moreover, to preclude summary judgment the disputed facts must be those that might affect the outcome of the suit, *First Indiana Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992), and a dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the

non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

The court will not weigh the evidence or determine the veracity of the allegations made by Boggs. Rather, the court addresses those issues where the material facts are not in dispute and subject to resolution as a matter of law. In the instant motion, the issue in controversy is whether Boggs' personal injury claim against Adams, which was filed when she was forty-four years of age, is time-barred under the Illinois Childhood Sexual Abuse Statute, 735 ILCS 5/13–202.2 (1993) ("Sexual Abuse Statute"), which went into effect on January 1, 1991. The Sexual Abuse Statute in relevant portion provides that:

An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years.

735 ILCS 5/13–202.2(b) (1993).

In order to address the issue, the court must first determine whether Illinois law and its statute of limitations should apply to the instant action. It is a well settled principle that the court, exercising diversity jurisdiction over the parties and sitting in the State of Illinois, must apply Illinois' choice-of-law rules and statutes of limitations. *An-*

*abaldi v. Sunbeam Corp.*, 651 F.Supp. 1343, 1344 (N.D.Ill.1987); *see also Colonial Penn Life Ins. Co. v. Assured Enterprise, Ltd.*, 151 F.R.D. 91, 95 (N.D.Ill.1993). Illinois applies the "most significant contacts" test to determine the applicable law in tort cases. *Vantassell–Matin v. Nelson*, 741 F.Supp. 698, 702 (N.D.Ill.1990) (citing *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, 595 (1970)). Furthermore, in diversity cases, absent a challenge by either party to the choice-of-law, the law of the forum state will govern the substantive issues raised in the pleadings. *Ness v. Ford*, 835 F.Supp. 453, 456 n. 5 (N.D.Ill.1993) (citing *TransAmerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir.1992)).

Because subject matter jurisdiction is based upon diversity of citizenship, the substantive law of Illinois and its statute of limitations will govern the instant motion. All of the alleged acts of sexual abuse occurred in the State of Illinois over a period of seven years and there is no suggestion that any acts of abuse occurred in the State of California. Additionally, neither Boggs nor Adams raises the issue of the applicable state law. Rather, both parties rely on Illinois authority to support their respective positions.

Under Illinois law, the statute of limitations for personal injury is two years.[4] 735 ILCS 5/13–202 (1993). The general tolling provision for injured minors provides that:

> If the person entitled to bring an action, specified in Section 13–201 through 13–210 of this Act ..., at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

735 ILCS 5/13–211. A unique problem exists in situations where a minor victim of a sexual abuse represses his or her memory of the abuse until after the statutory tolling provision has expired. Pursuant to the literal application of the two-year statute of limitations and the tolling provision, minors have until two years after they reach the age of

eighteen to initiate personal injury actions. Therefore, individuals who were injured while they were minors may be barred from bringing a personal injury action after they reach the age twenty.

■ The Supreme Court of Illinois in *Rozny v. Marnul*, 43 Ill.2d 54, 250 N.E.2d 656 (1969) first recognized and adopted a rule commonly referred to as the "discovery rule" which, if applied, tolls the applicable statute of limitations. The *Rozny* court noted, however, that the discovery rule poses certain problems and opined that:

> The basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue. There are some actions in which the passage of time, from the instant when the facts giving rise to the liability occurred, so greatly increases the problems of proof that it has been deemed necessary to bar plaintiffs who had not become aware of their rights of action within the statutory period as measured from the time such facts occurred. [citations]. But where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue.

*Rozny*, 250 N.E.2d at 664.

In *Rozny*, the plaintiffs brought a tortious misrepresentation claim against a surveyor claiming that a certain survey was incorrect. The applicable statute of limitations in that case at the time provided that:

> Except as provided in Section 2–725 of the "Uniform Commercial Code," enacted by the Seventy-second General Assembly, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or

---

4. The statute of limitations for personal injury provides in relevant part that "[a]ctions for damages for an injury to the person, or for false

imprisonment, ... shall be commenced within 2 years next after the cause of action accrued...." 735 ILCS 5/13–202 (1993).

damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.

*Id.* (citing Ill.Rev.Stat., ch. 83, par. 16).[5] The error in the survey was made in 1952, but the plaintiffs did not discover the error until after the expiration of the applicable statute of limitations in 1963. *Id.* at 665. The *Rozny* court, however, held that the application of the discovery rule was appropriate in that case because the facts indicated the passage of time did not "entail the danger of a fraudulent, false, frivolous, speculative or uncertain claim" or the danger of imposing burden on defendant's ability to adduce proof of defense. *Id.*

Since the recognition of the discovery rule, other Illinois courts have applied the rule to different circumstances to suspend the commencement of the applicable statute of limitations. *See Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970) (strict tort liability action); *Tom Olesker's Excit. W., Etc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 334 N.E.2d 160 (1975) (defamation action); *Witherell v. Weimer*, 85 Ill.2d 146, 52 Ill.Dec. 6, 421 N.E.2d 869 (1981) (products liability and medical malpractice action); *Nolan v. Johns–Manville Asbestos*, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864 (1981) (asbestos worker's strict liability action); *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 58 Ill.Dec. 725, 430 N.E.2d 976 (1981) (tortious misrepresentation and fraud action); *Fure v. Sherman Hospital*, 64 Ill.App.3d 259, 21 Ill.Dec. 50, 380 N.E.2d 1376 (1978) (wrongful death action); *Tucek v. Grant*, 129 Ill.App.3d 236, 84 Ill.Dec. 603, 472 N.E.2d 563 (1984) (legal malpractice action).

The discovery rule is a judicially promulgated tool to aid in determining when the running of the statute of limitations commenced in order to address the issue of timeliness. *Lincoln–Way Community v. Village of Frankfort*, 51 Ill.App.3d 602, 9 Ill.Dec. 884, 889–90, 367 N.E.2d 318, 323–24 (1977). The rule, however, has not been applied to all situations. *See Wyness v. Armstrong World Industries*, 131 Ill.2d 403, 137 Ill.Dec. 623, 546 N.E.2d 568 (1989) (action under the Illinois Wrongful Death Act); *Guebard v. Jabaay*, 65 Ill.App.3d 255, 21 Ill.Dec. 620, 381 N.E.2d 1164 (1978) (issue of identity of proper defendant); *In re Marriage of Wanic*, 112 Ill.App.3d 740, 68 Ill.Dec. 419, 445 N.E.2d 1272 (1983) (suit based on criminal conversation). Rather, the rule has been applied on a case-by-case basis by weighing the hardship on the plaintiff caused by the bar of his or her action against the burden and prejudice on the defendant to investigate the circumstances of the allegations and to gather proof of his defense. *Franke v. Geyer*, 209 Ill. App.3d 1009, 154 Ill.Dec. 710, 712, 568 N.E.2d 931, 933 (1991).

The application of the discovery rule is not without limitations. The application of the discovery rule has been restricted in certain cases by the enactment of various statutes of repose. For example, actions against physicians and hospitals must be brought within four years after the date on which the alleged wrongful conduct occurred. 735 ILCS 5/13–212(a) (1993).[6] Actions of product liability based on the doctrine of strict tort liability must be commenced "within 12 years from the date of first sale, lease, or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier...." 735 ILCS 5/13–213(b) (1993). Actions based on acts or omissions of "person in the design, planning, supervision, observation

---

5. Ill.Rev.Stat., ch. 83, par. 16 has been repealed by P.A. 76–884, § 1, effective August 20, 1969.

6. The relevant provision states that:
Except as provided in Section 13–215 of this Act ..., no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State ... shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable dili-

gence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.*
735 ILCS 5/13–212(a) (1993) (emphasis added).

or management of construction, or construction of an improvement to real property" may not be brought "after 10 years have elapsed from the time of such act or omission." 735 ILCS 5/13–214(b) (1993).

The purpose and function of statutes of repose is different from the purpose and function of statutes of limitations. The underlying purpose of statutes of limitations is to "require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims." *Nolan*, 52 Ill.Dec. at 5, 421 N.E.2d at 868 (quoting *Tom Olesker's*, 61 Ill.2d at 132, 334 N.E.2d at 162). The purpose of statutes of repose, however, is to impose a cap on the applicability of the discovery rule so that the outer time-limit terminates the possibility of liability after a definite period of time. *Cunningham v. Huffman*, 154 Ill.2d 398, 182 Ill.Dec. 18, 22, 609 N.E.2d 321, 325 (1993) (citing *Mega v. Holy Cross Hospital*, 111 Ill.2d 416, 95 Ill.Dec. 812, 490 N.E.2d 665 (1986)). The commencement date for the applicable statute of limitations may depend on the date of an injured party's discovery of the action, whereas, the commencement date for the applicable statute of repose is the date of the last act or omission which caused the injury. *Id.* Thus, it is possible that a cause of action is time-barred under the scheme of statutes of repose even before its discovery. *Id.*

Prior to the enactment of the Sexual Abuse Statute, neither the Illinois courts nor the General Assembly had grappled with the application of the discovery rule to cases of childhood sexual abuse plaintiffs who had repressed their memories of the sexual abuse until after the statutory tolling provision for minors expired. Thus, prior to 1991, the viability of sexual abuse claims filed after the plaintiff's twentieth birthday remained subject to the statutory minors tolling provision. Fortunately for the victims of childhood sexual abuse, the Eighty–Seventh General Assembly of Illinois enacted the Sexual Abuse Statute to recognize the applicability of the discovery rule to such cases. 735 ILCS 5/13–202.2. The Sexual Abuse Statute went into force on January 1, 1991.

The Sexual Abuse Statute extends the statutory tolling provision provided under 735 ILCS 5/13–211 for an additional ten years; permitting victims of sexual abuse to bring causes of action against the wrongdoers even after their twentieth birthday. It is apparent from the transcript of the House debate that the statute was drafted and enacted to remedy those situations where the victims of childhood sexual abuse repressed their memory until after they attain the age of twenty and to provide an avenue to recover damages from those abusers. During the debate of the Illinois House of Representatives, Representative Satterthwaite campaigned in support for the bill and stated that:

> This Bill extends the statute of limitations for the victims of childhood sexual abuse. Under the amended version of this Bill, the Amendment coming about as a result of conversation in committee. It would *now* permit the action to be taken up to two years after the discovery of the incident with a cap at age 30, so that no one would be able to file past that age. I think that it is a good addition to our protection for childhood victims of sexual assault and would ask for support of the Members.

86th Gen. Assembly Rec., G04, 208 (1990) (statement of Rep. Satterthwaite) (emphasis added).

The Illinois legislature while extending the statute of limitations for childhood sexual abuse claims, placed a twelve year statute of repose. The second clause of subchapter (b) of the Sexual Abuse Statute is a statute of repose provision which places an outer limit on the discovery rule at the age of thirty. 735 ILCS 5/13–202.2(b) (1993).[7] Given the Supreme Court of Illinois' concern expressed

---

7. The second clause of the provision which provides a twelve-year statute of repose is repealed by the amendatory Act of 1993. 735 ILCS 5/13–202.2(b), P.A. 88–127 (1993). "The changes made by [the] amendatory Act of 1993[, which strikes the statute of repose clause, will] apply only to actions commenced on or after the effective date of [the] amendatory Act of 1993." *Id.* The effective date of the change is January 1, 1994. Thus, the change made by the Illinois legislature has no impact on the instant case.

in *Rozny*, that the passage of time has the propensity to greatly increase the problem of gathering proof required for defense, it would be necessary, in certain circumstances, to bar plaintiffs who have not become aware of their rights of action within the statutory period as measured from the time the alleged wrongful acts occurred. Additionally, the resolution of claims of sexual abuse depends largely on credibility issues and on memories of the parties, rather than extrinsic evidence corroborating or refuting the claims. Further, it is expected as individuals mature in their lives their memories fade and potential defense witnesses depart from our society. Under these circumstances, the twelve-year statute of repose cannot be deemed unreasonable.

Since the enactment of the Sexual Abuse Statute, only one Illinois court has defined the parameter of the Sexual Abuse Statute's retroactive applicability.[8] However, Illinois courts have yet to render an opinion as to the prospective applicability of the Sexual Abuse statute. In *Phillips v. Johnson*, 231 Ill. App.3d 890, 174 Ill.Dec. 458, 599 N.E.2d 4 (1992), the plaintiff, who was thirty-five years of age at the time, filed an action on August 21, 1990, alleging childhood sexual abuse. The complaint was filed prior to the effective date of the Sexual Abuse Statute. The action in *Phillips* was still pending when the Sexual Abuse Statute went into effect. The defendant argued that the action was time-barred by the twelve-year statute of repose provided under the Sexual Abuse Statute because the plaintiff was thirty-five years of age when she filed the complaint. The Sexual Abuse Statute contained an express provision that it was to be applied to cases pending on January 1, 1991, the effective date. Hence, the *Phillips* court was required to address the issue of whether the plaintiff's action was barred by the retroactive application of an amendment to the statute of limitations.

The *Phillips* court answered the issue in the negative and refused to retroactively apply the Sexual Abuse Statute. The court commented that:

> Where retroactive application is not expressly provided for, an amendment to a statute of limitations which decreases the time in which an action can be filed will not be applied retroactively so as to bar instantaneously an existing cause of action.... Further, even when the legislature expresses an intent that the limitation period be shortened retroactively, courts will not allow the instantaneous termination of a cause of action which existed prior to the effective date of the statute unless the injured party has a reasonable period of time to file a complaint after the effective date.

*Phillips*, 174 Ill.Dec. at 461, 599 N.E.2d at 7.

Although the *Phillips* opinion partially defined the applicability of the Sexual Abuse Statute, this court finds that it is obligated to acknowledge and follow the plain meaning of the statute and enforce its prospective application. The holding of the *Phillips* court is not dispositive of the issue before the court or helpful in understanding the prospective application of the Sexual Abuse Statute. First, the plaintiff in *Phillips* filed her action prior to the effective date of the Sexual Abuse Statute; however, in the present case, Boggs filed her action subsequent to the effective date of the statute. Second, the *Phillips* court relied on the opinion of *Johnson v. Johnson*, 701 F.Supp. 1363 (N.D.Ill. 1988), to support its proposition that the discovery rule *would have* applied to repressed memory cases prior to the enactment of the Sexual Abuse Statute. Third, the *Phillips* court construed the Sexual Abuse Statute as applied to that case as shortening the limitations period and instantaneously extinguishing sexual abuse cases involving repressed memory.

---

**8.** The court in *Franke v. Geyer*, 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931 (1991), addressed a sexual abuse claim after the enactment of the Sexual Abuse statute, but the court did not render any rulings or opinion as to the new statute's applicability. Instead, the court resolved the issue of timeliness of the plaintiff's complaint under the minor tolling provision and held that "the plaintiff had sufficient information concerning her injury and its cause to put her on inquiry as to whether actionable conduct was involved" when she reached the age eighteen. *Id.*, 154 Ill.Dec. at 712, 568 N.E.2d at 933.

The court in *Johnson v. Johnson*, 701 F.Supp. 1363 (N.D.Ill.1988),[9] held that "Illinois would apply the discovery rule" to a context where a childhood sexual abuse victim repressed her memory until after the minor tolling provision had expired. However, the district court in making its determination cited no authority and was without legal guidance from Illinois precedents. Hence, the *Johnson* court speculated as to how Illinois would address the issue.

The *Johnson* court's speculation on the applicability of the discovery rule to issues of childhood sexual abuse and repressed memory theory was supported by the enactment of the Sexual Abuse Statute, but only as to claims filed before plaintiffs reach the age of thirty. After the Sexual Abuse Statute went into effect, the defendant in *Johnson* filed a second motion for summary judgment asserting the twelve-year statute of repose. In light of the enactment of the Sexual Abuse Statute, the initial decision and opinion of the *Johnson* court became irrelevant. Therefore, having only the Sexual Abuse Statute to guide the *Johnson* court in addressing the second motion for summary judgement, the court was obligated to apply the plain meaning of the statute and determine that the plaintiff's action was untimely: the plaintiff filed her action when she was thirty-six years of age. *Johnson v. Johnson*, 766 F.Supp. 662, 664 (N.D.Ill.1991). Essentially, when the *Johnson* court was confronted with the second motion for summary judgment, in the wake of the Sexual Abuse Statute, the district court started with a clean slate, followed the prevailing law of Illinois, and changed its position by holding that the plaintiff's claim was time-barred under 735 ILCS 5/13–202.2 (1991). *Id.*

Further, the Sexual Abuse Statute did not and was not intended to instantaneously extinguish or shorten the limitations period for any cause of action that may arise from repressed memories of childhood sexual abuses. Rather, the statute was enacted to enlarge the statute of limitations and provide additional protection that was not available to the victims of childhood sexual abuse. This interpretation is supported by the floor debate.

Boggs and the *Phillips* court rely on the premise that prior to January 1, 1991, the discovery rule applied to childhood sexual abuse claims as held in the 1988 decision of *Johnson v. Johnson*. However, Boggs argues that the second ruling of the *Johnson* court must be discounted because the *Johnson* court in its 1991 holding "*assumed* that the 1991 statute did apply to that case since the parties did not dispute its applicability." *See Phillips*, 174 Ill.Dec. at 462 n. 2, 599 N.E.2d at 8 n. 2 (emphasis in the original). The implication is that the *Johnson* court did not address the issue whether the 1991 statute extinguished existing cause of action and therefore the *Johnson* court's second ruling does not undermine the premise asserted by Boggs. This argument is *non sequitur* and an overly simplified characterization of the *Johnson* litigation. The court gives no weight to the fact that the parties in the *Johnson* litigation did not dispute the applicability of the Sexual Abuse Statute in evaluating the worth of the decision. In *Johnson*, the controlling law was the Sexual Abuse Statute enacted in 1991. There was no Illinois case law or statute that suggested that the plaintiff in *Johnson* had a viable cause of action under the discovery rule which was instantaneously extinguished by the Sexual Abuse Statute.

Prospective application of the Sexual Abuse Statute in this case dictates that Boggs' claim is time-barred. "It is a cardinal rule of statutory interpretation that when the terms of a statute are not specifically defined, the words must be given their ordinary and popularly understood meanings." *Heneghan v. Sekula*, 181 Ill.App.3d 238, 129 Ill. Dec. 913, 916, 536 N.E.2d 963, 966 (1989). Further, where the language and plain meaning of a statute are clear, a court cannot restrict or enlarge the meaning. *Id.* The language and plain meaning of the Sexual Abuse Statute are unequivocal. "[I]n no event may an action for personal injury

---

9. Although the court recognizes that an opinion of another district court is not binding on this court, the parties have raised the *Johnson* court's decisions in their briefs and thus deserve a discussion by this court for a full analysis of the relevant issue.

based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS 5/13–202.2(b). In the instant action, the undisputed facts demonstrate that at the time Boggs filed her personal injury action against Adams, she was forty-four years of age. The plain language of the statute requires that the outer-limit for filing such action is at the age thirty. Accordingly, under the Childhood Sexual Abuse Statute, Boggs claim is time-barred.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report is rejected and Adams' motion for summary judgment is granted.

IT IS SO ORDERED.