JOSEFA FERRER, Plaintiff-Appellant, v. RICHARD KUHL et al., Defendants-Appellees.—TERESA CLAY, Plaintiff-Appellant, v. RICHARD KUHL et al., Defendants-Appellees.

Second District    Nos. 2—98—0164, 2—98—0179 cons.

Opinion filed December 18, 1998.

696

Joseph G. Klest, of Law Offices of Joseph G. Klest, of Schaumburg, for appellant.

Julie L. Trester and Ronald D. Sutter, both of Querrey & Harrow, Ltd., of Chicago, for appellee Richard Kuhl.

Andrew Kopon, Jr., Michael A. Airdo, and May H. Soong, all of Cremer, Kopon, Shaughnessy & Spina, of Chicago, for appellee Society of the Missionaries of the Sacred Heart.

JUSTICE BOWMAN delivered the opinion of the court:

Because of the identity of the issues presented, we have consolidated the following appeals. In case No. 2—98—0164, plaintiff, Josefa Ferrer (Ferrer), appeals from the trial court's dismissal of her complaint against defendants, Brother Richard Kuhl and the Society of the Missionaries of the Sacred Heart (Society). Ferrer sought recovery for damages she sustained as a minor as a result of Brother Kuhl's alleged sexual abuse. In case No. 2—98—0179, plaintiff, Teresa Clay (Clay), appeals from the trial court's dismissal of her third amended complaint against the same defendants. Clay sought recovery on the same basis as Ferrer. We reverse and remand.

The facts relevant to the disposition of case No. 2—98—0164 are as follows. Ferrer was born on September 18, 1966. On September 16, 1996, Ferrer filed a three-count complaint alleging that from approximately 1976 to 1981 Brother Kuhl sexually molested her. Ferrer was 29 years old at the time that she filed her complaint. Counts I and II were directed against Brother Kuhl and alleged battery and reckless conduct. Count III alleged that the Society was negligent or reckless because it continued to employ and failed to supervise Brother Kuhl despite its awareness of his sexual abuse. The complaint also alleged that Ferrer first realized in January 1996 that the sexual encounters caused her injury and, since that realization, she has remembered additional incidents of abuse that she did not previously recall. In addi-

tion to these allegations, the complaint included a statement from an expert who treats victims of childhood sexual abuse. The statement indicated that victims of childhood sexual abuse often do not realize the causal connection between their present psychological injuries and the past abuse.

Defendants filed motions to dismiss Ferrer's complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5) (West 1996)). Defendants argued that the statute of limitations expired on September 18, 1986, when Ferrer reached the age of 20. Relying on our decision in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), *aff'd*, 177 Ill. 2d 207 (1997), defendants maintained that the discovery rule does not apply in childhood sexual abuse cases and does not operate to toll the statute of limitations.

In response to defendants' motions, Ferrer distinguished *M.E.H.* on the ground that, unlike in *M.E.H.*, the statute of repose in her case had not expired. Additionally, Ferrer asserted that, pursuant to section 13—202.2(e) of the Code (735 ILCS 5/13—202.2(e) (West 1996)), section 13—202.2(b), the provision codifying the common-law discovery rule (735 ILCS 5/13—202.2(b) (West 1996)), applies to actions commenced on or after January 1, 1991. Ferrer argued that because she filed her complaint on September 16, 1996, the discovery rule should be applied in her case. In reply to Ferrer's response, defendants argued that section 13—202.2(b) was inapplicable because this amendatory provision did not become effective until more than two years after Ferrer reached the age of majority. According to defendants, applying this provision would impair their vested rights.

On January 30, 1998, the trial court issued a letter opinion granting defendants' motions. In its letter opinion, the trial court determined that the statute of repose was not at issue. The trial court identified the controlling issue as "whether the common law discovery rule applies to childhood sexual abuse cases arising prior to the 1991 enactment of a statutory discovery rule." In granting defendants' motions, the trial court concluded that it was bound by our decision in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996). The trial court also determined that defendants possessed a vested right in the running of the statute of limitations because Ferrer did not file her action within two years after reaching the age of 18. Thus, according to the trial court, section 13—202.2(b) could not be applied retroactively. Thereafter, Ferrer filed this timely appeal.

In case No. 2—98—0179, Clay filed a complaint against defendants on January 10, 1996. On January 17, 1997, she filed her third amended complaint against defendants. The facts in the third amended complaint are as follows. Clay was born on March 31, 1964. When Clay

was four or five years old, Brother Kuhl began sexually abusing her once or twice a week for approximately seven years. Clay was evaluated by a licensed psychologist. The psychologist opined that many victims of childhood abuse do not realize the causal connection between their psychological problems and the abuse. The psychologist concluded that "there is good reason to believe that [Clay] was unable to comprehend that the tragic course that her life was on, until quite recently, was, at least in part, due to what the priest did to her." In June 1994, plaintiff first realized that the sexual encounters with Brother Kuhl caused her injuries. Counts I and II were directed against Brother Kuhl and included allegations of battery, negligence, and recklessness. Count III was directed against the Society and alleged that, despite the Society's awareness that Brother Kuhl was a child sexual abuser, it took no action to prevent further incidents of abuse.

Defendants filed motions to dismiss Clay's complaint pursuant to section 2—619(a)(5) of the Code (735 ILCS 5/2—619(a)(5) (West 1996)). They argued that, based on this court's decision in *M.E.H.*, the statute of limitations expired on March 31, 1984, when plaintiff reached the age of 20.

In response, Clay sought to distinguish *M.E.H.* on the ground that in her own case the statute of repose had not expired and on other grounds. Additionally, Clay asserted that both the discovery rule contained in section 13—202.2 of the Code as well as the common-law discovery rule should apply to toll the statute of limitations. After both parties filed a series of responsive pleadings, the trial court, on February 17, 1998, granted defendants' motions to dismiss Clay's complaint. In dismissing Clay's complaint, the trial court specifically relied upon this court's decision in *M.E.H.* Thereafter, Clay timely appealed.

On appeal, Ferrer and Clay argue that the trial court erred when it dismissed their complaints. Their principal contention is that the common-law discovery rule applies to childhood sexual abuse cases. In addition, they challenge our decision in *M.E.H.* as contrary to public policy, section 13—202.2 (735 ILCS 5/13—202.2 (West 1996)), other appellate court decisions, and opinions in the medical community. Both maintain that *M.E.H.* is distinguishable from their cases because, unlike in *M.E.H.*, the abuse inflicted by Brother Kuhl was not caused by force or violence. Instead, as noted in their briefs, their injuries "evolved with the overlay of life experience." In challenging the propriety of our decision in *M.E.H.*, Ferrer and Clay assert that, contrary to our finding in *M.E.H.*, childhood sexual abuse is not always considered a sudden traumatic event resulting in immediate injury. According to Ferrer and Clay, in many instances of childhood sexual abuse, the victim does not realize that the abuse is harmful at the

time that it occurs. They point to clinical evidence that suggests that oftentimes the victim represses the memory of the abuse and does not immediately link the injury to the abuse. Both Ferrer and Clay argue that they were not aware that the abuse caused them injuries until January 1996 and June 1994, respectively.

Ferrer and Clay also argue that several jurisdictions have recognized the applicability of the discovery rule in childhood sexual abuse cases to toll the statute of limitations. Both the willingness of these jurisdictions to employ the discovery rule in childhood sexual abuse cases and the legislature's codification of the discovery rule (see 735 ILCS 5/13—202.2 (West 1996)) support their proposition that the common-law discovery rule should apply in this instance.

In reply, defendants respond that the trial court properly dismissed both complaints based on *M.E.H.* They maintain that this court in *M.E.H.* properly employed an objective standard, which examined the nature of the injury, and determined that the common-law discovery rule was inapplicable to cases of childhood sexual abuse. According to defendants, the viability of the repressed memory theory remains the subject of extensive dispute in the medical community. They argue that, based on the finding that childhood sexual abuse is a sudden traumatic event that results in immediate harm, other jurisdictions have refused to apply the discovery rule in childhood sexual abuse cases and that these jurisdictions have also rejected the application of the discovery rule in cases involving allegations of repressed memory. Defendants maintain that both Ferrer and Clay were aware of the alleged abuse but unaware of the causal connection between the injuries and the abuse. Thus, the limitations period commenced when Ferrer and Clay each reached the age of majority, and it expired when they each turned 20 years old.

The Society also advances several policy considerations against the application of the common-law discovery rule. Its primary policy concern is that allowing a victim to set the timing of the limitations period thwarts the purpose of the statute of limitations, which is intended to promote "predictability and finality" and to prevent the onslaught of stale claims lacking objective and verifiable evidence.

Alternatively, the Society argues that, assuming *arguendo* that the common-law discovery rule applies in childhood sexual abuse cases, both complaints failed to plead sufficient facts to trigger its application. Specifically, it maintains that Ferrer was "aware of some, if not all" of the alleged abuse and that Clay was fully aware of the alleged abuse when it occurred. Their complaints only allege that they did not realize the cause of their injuries. According to the Society, the complaints do not contain allegations that (1) they were never aware

of the alleged abuse; (2) they had no recollection of any instances of the alleged abuse; or (3) they suffered from repressed memory. The Society argues that these allegations are insufficient to warrant the application of the discovery rule.

The Society also argues that section 13—202.2(b) (735 ILCS 5/13—202.2(b) (West 1996)) is inapplicable in this case because Ferrer and Clay reached the age of 20 prior to January 1, 1991, its effective date. According to the Society, defendants' rights vested when the statute of limitations expired, namely, when each plaintiff reached the age of 20. Thus, retroactively applying section 13—202.2(b) would be improper because it would impair defendants' vested rights.

■ Section 2—619(a)(5) of the Code (735 ILCS 5/2—619(a)(5) (West 1996)) allows for dismissal of a cause of action if "the action was not commenced within the time limited by law." A motion to dismiss pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1996)) admits all well-pleaded facts and reasonable inferences drawn therefrom. *Becker v. Zellner*, 292 Ill. App. 3d 116, 122 (1997). Additionally, a section 2—619 motion admits the legal sufficiency of the complaint but asserts affirmative matter to avoid or defeat the claim. *Gragg v. Calandra*, 297 Ill. App. 3d 639, 643 (1998). Our standard of review governing dismissals pursuant to section 2—619 is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993).

■ Before we begin our analysis, we must first address the threshold issue of which discovery rule, if any, applies in this case. Generally, a cause of action for personal injuries accrues when a plaintiff suffers injury. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77 (1995). Historically, the limitations period was not tolled regardless of a plaintiff's awareness of an injury. *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 360 (1995). The common-law discovery rule was created in an attempt to alleviate the harsh consequences of the rigid application of the limitations period. *Golla*, 167 Ill. 2d at 360. It was first adopted in *Rozny v. Marnul*, 43 Ill. 2d 54, 72-73 (1969), and provides that the statute of limitations "starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981).

Before 1991, two statutory provisions of the Code governed the limitations period for childhood sexual abuse claims. Pursuant to section 13—202 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—202 (now 735 ILCS 5/13—202 (West 1996))), the limitations period for personal injury claims is two years. Section 13—211 provides that for minors the cause of action accrues upon reaching the age of majority (Ill. Rev. Stat. 1989, ch. 110, par. 13—211 (now 735 ILCS 5/13—211

(West 1996))). Thus, the limitations period for minors who were victims of childhood sexual abuse commenced when they reached the age of majority and expired when they turned 20 years of age. Several jurisdictions subsequently applied the common-law discovery rule to toll the limitations period in childhood sexual abuse cases. See, *e.g., Pedigo v. Pedigo*, 292 Ill. App. 3d 831 (1997); *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029 (1994); *Phillips v. Johnson*, 231 Ill. App. 3d 890 (1992).

■ Effective January 1, 1991, section 13—202.2 of the Code (735 ILCS 5/13—202.2 (West 1996)) codified the common-law discovery rule. See *Pedigo*, 292 Ill. App. 3d at 839. Section 13—202.2 provides in part:

> "(b) An action for damages for personal injury based on child-hood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse.
>
> (c) If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series." 735 ILCS 5/13—202.2(b), (c) (West 1996).

By enacting this section, the legislature recognized that in some instances of childhood sexual abuse the victim may experience "delayed recollections" of the event. *Pedigo*, 292 Ill. App. 3d at 839. Pursuant to this provision, the statute of limitations commences upon the victim's discovery that the abuse occurred and that the injury was caused by this abuse. See 735 ILCS 5/13—202.2(b) (West 1996).

■ On appeal, courts must apply the law that exists at the time of the appeal, unless it interferes with a vested right. *First of America Trust v. Armstead*, 171 Ill. 2d 282, 289 (1996). It is well settled that a party has a vested right in the expiration of a statute of limitations. *Sepmeyer v. Holman*, 162 Ill. 2d 249, 255 (1994). In the present case, defendants' rights vested prior to the enactment of section 13—202.2, when Ferrer and Clay each reached the age of 20. In other words, section 13—202.2 is inapplicable because it became effective more than two years after Ferrer and Clay reached the age of majority. See *D.P. v. M.J.O.*, 266 Ill. App. 3d at 1033 (finding statutory discovery rule inapplicable where section 13—202.2 takes effect more than two years after plaintiffs reach the age of majority).

We note that in *Clay v. Kuhl*, 297 Ill. App. 3d 15 (1998), this court applied the statutory discovery rule under factual circumstances similar to those presented in the instant cases. However, based on the above discussion, we decline to follow the approach set forth in *Clay* and instead consider whether the common-law discovery rule applies to toll the statute of limitations in childhood sexual abuse cases when the victim represses memories of the abuse. Our decision to consider the applicability of only the common-law discovery rule is also supported by the fact that the parties do not dispute the inapplicability of the statutory discovery rule.

In Illinois, several jurisdictions have considered this issue; however, there is a split among these jurisdictions regarding whether the discovery rule applies in childhood sexual abuse cases where a victim represses memories of the abuse. Several jurisdictions recognize the applicability of the common-law discovery rule under this condition. See, *e.g.*, *Johnson v. Johnson*, 701 F. Supp. 1363 (N.D. Ill. 1988); *Pedigo v. Pedigo*, 292 Ill. App. 3d 831 (1997); *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029 (1994); *Phillips v. Johnson*, 231 Ill. App. 3d 890 (1992). However, the common-law discovery rule has not been employed in all cases of childhood sexual abuse. See, *e.g.*, *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996).

Because this court's decision in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), served as the basis for the trial court's dismissal of both Ferrer's and Clay's complaints, we revisit this case. In *M.E.H.*, the plaintiffs filed a complaint in 1994, alleging that they were victims of childhood sexual abuse and that their first recollection of the abuse took place during therapy sessions. At the time that the plaintiffs filed their complaint, the Code contained a 12-year statute of repose (735 ILCS 5/13—202.2(b) (West 1992) (amended by Pub. Act 88—127 § 5, eff. January 1, 1994)) that operated to bar complaints filed by persons age 30 or older who allege childhood sexual abuse. The plaintiffs were 44 and 45 years old when they filed their complaint. In response to the plaintiffs' complaint, the defendants filed a motion to dismiss pursuant to section 2—619(a)(5) of the Code arguing that, based on the statute of repose, the suit was untimely. The trial court granted the defendants' motion and dismissed the complaint. *M.E.H.*, 283 Ill. App. 3d at 245.

On appeal, we determined that, based on the statute of repose, the plaintiffs' complaint was untimely. *M.E.H.*, 283 Ill. App. 3d at 246. Notwithstanding the statute of repose, we determined that the discovery rule did not apply in instances where a plaintiff represses memories of childhood sexual abuse because the injury sustained is a "sudden traumatic event." *M.E.H.*, 283 Ill. App. 3d at 251. We noted

that, because the plaintiffs were aware of the abuse when it occurred and the injury was both immediate and caused by external force, they knew or should have known that the conduct was actionable when it occurred. *M.E.H.*, 283 Ill. App. 3d at 251. Thus, the cause of action accrued immediately, and the statute of limitations commenced when the plaintiffs reached the age of majority. *M.E.H.*, 283 Ill. App. 3d at 250-51.

■ After carefully considering the competing approaches and weighing the policy considerations, we believe that the common-law discovery rule should apply to childhood sexual abuse cases where the victim represses memories of the abuse. We disagree with the *M.E.H.* court's refusal to apply the common-law discovery rule in childhood sexual abuse cases where a victim represses the awareness of the abuse. While we agree that sexual abuse is a traumatic event, we do not believe that children who are sexually abused always realize at the time of the abuse that abuse occurred or that it caused injury. Not applying the common-law discovery rule would unfairly deprive a victim of a remedy simply because she "survive[d] childhood sexual abuse by suppressing the memory of the abusive acts." *Phillips*, 231 Ill. App. 3d at 893. The discovery rule also provides the innocent victim with the opportunity to seek justice from the guilty party. Comment, *Remembered Memories...True or* False?— *Should the Discovery Rule be Applied to Toll the Statute of Limitations?*, 24 Capital U. L. Rev. 581, 587 (1995).

Contrary to defendants' assertions, the application of the discovery rule in childhood sexual abuse cases does not pose greater evidentiary problems. In such cases, testimony and psychological evidence may be admitted by both parties. *Phillips*, 231 Ill. App. 3d at 893-94. Moreover, a trial court's ability to ascertain the truth is not compromised because the trier of fact continues to retain its fact-finding function and to make credibility determinations. *Phillips*, 231 Ill. App. 3d at 894. Finally, a defendant would not face undue prejudice under such circumstances because a plaintiff carries the ultimate burden of proving her case. *Ault v. Jasko*, 70 Ohio St. 3d 114, 117, 637 N.E.2d 870, 872 (1994).

As further support for our conclusion, we note that the legislature subsequently codified the common-law discovery rule. "Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law." *People v. Hickman*, 163 Ill. 2d 250, 262 (1994). Here, as Clay correctly notes, at the time that the legislature enacted section 13—202.2, the common-law discovery rule had been applied in childhood sexual abuse cases to toll the limitations period, and its application in these cases was not contested.

■ In the present cases, the trial court relied on *M.E.H.* to determine that Ferrer's and Clay's actions were untimely. In Ferrer's case, the complaint alleged that she first realized in January 1996 that the sexual encounters caused her injury. Ferrer filed her complaint on September 16, 1996, within two years of this realization. Similarly, Clay's complaint alleged that in June 1994 she first realized that the sexual encounters with Brother Kuhl caused her injuries. She timely filed her original complaint on January 10, 1996. In light of the above discussion, we reverse the trial court's orders dismissing Ferrer's and Clay's complaints.

Defendants assert that both Ferrer's and Clay's complaints lack sufficient allegations to support claims of repressed memory. Defendants argue that, to survive dismissal, Ferrer and Clay were required to set forth facts demonstrating why they did not realize that they suffered injury when the abuse occurred. We decline to address defendants' challenge to the sufficiency of the pleadings because it is improperly before this court. By bringing a section 2—619 motion to dismiss, defendants admitted all well-pleaded facts, including any reasonable inferences, and the legal sufficiency of the complaints. See *Gragg*, 297 Ill. App. 3d at 643. In an attempt to defeat Ferrer's and Clay's claims, defendants asserted the statute of limitations as an affirmative matter. Having made a section 2—619 motion below, defendants may not now challenge the complaints on the basis that they do not plead sufficient facts. Our refusal to entertain defendants' argument, however, does not preclude defendants from challenging the sufficiency of these complaints on remand.

For the foregoing reasons, the judgments of the circuit court of Kane County are reversed, and the causes are remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GEIGER, P.J., and COLWELL, J., concur.