MARY K. PEDIGO, Plaintiff-Appellant, v. J. ROYCE PEDIGO *et al.*, Defendants-Appellees.

Fifth District   No. 5—96—0237

Opinion filed October 14, 1997.—Rehearing denied November 12, 1997.

832

Hope F. Keefe, of Brunswick, Keefe & Deer, of Blue Island, for appellant.

Stanley L. Morris, of Quinn, Johnston, Henderson & Pretorius, Chartered, of Springfield, for appellee H. Eugene Pedigo.

J. Royce Pedigo, of Edwardsville, appellee, *pro se.*

JUSTICE GOLDENHERSH delivered the opinion of the court:
Plaintiff, Mary K. Pedigo, appeals from an order of the circuit court of Madison County dismissing her third amended complaint for damages allegedly arising out of sexual abuse committed against her by defendant J. Royce Pedigo, plaintiff's father, and defendant H. Eugene Pedigo, plaintiff's uncle, when she was a minor. On appeal, the issue we are asked to consider is whether the circuit court erred in dismissing plaintiff's complaint as time-barred under section 13—202.2(b) of the Code of Civil Procedure (the Code) (735 ILCS 5/13—202.2(b) (West 1992)). We reverse and remand.

## FACTS
On September 13, 1990, plaintiff, age 34 at the time, filed her original four-count complaint. Counts I and II sought compensatory and punitive damages from plaintiff's father and uncle for intentionally and wilfully harming her. Count III sought damages from plaintiff's father for negligently and recklessly failing to protect plaintiff, and count IV sought damages from both defendants for intentional and wilful acts of sexual abuse. Plaintiff alleged that from the time she was 2 years old until she was 10 or 11, during the years 1958 through 1966, defendant father intentionally and repeatedly sexually abused plaintiff. Plaintiff alleged that on at least one occasion during the years 1956 through 1963, while her uncle was visiting plaintiff's family home, both defendants engaged in simultaneous acts of sexual and physical abuse of plaintiff. Plaintiff further alleged that as a result of said abuse by her father, she suffered severe and permanent physical and emotional injuries, "including psychological trauma, which caused loss of memory and suppression of recollection of the alleged sexual abuse," until some time in October or November of 1988.

In October 1990, defendants filed a motion to dismiss, asserting, *inter alia*, that the complaint was barred by the statute of limitations in that it was filed more than two years after plaintiff reached her eighteenth birthday (see Ill. Rev. Stat. 1989, ch. 110, pars. 13—202, 13—211 (now see 735 ILCS 5/13—202, 13—211 (West 1992))). On December 13, 1990, the circuit court entered an order denying defendants' motion to dismiss the complaint as time-barred and granting plaintiff leave to file an amended complaint in which damages are alleged to be "in excess of $15;000," to comply with section 2—604 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—604).

Plaintiff filed her first amended complaint on December 24, 1990. On January 11, 1991, defendants filed a motion for the reconsideration of their motion to dismiss, citing amended section 13—202.2 of the Code (Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2 (as amended by Pub. Act 86—1329, eff. January 1, 1991)), which provided at that time, in pertinent part:

> "(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years."

Defendants' motion noted that under section 13—202.2(e) (Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2(e)), effective January 1, 1991, the new provision applied to actions pending on January 1, 1991, and the motion alleged that because plaintiff reached the age of 30 on January 15, 1986, and the original complaint was filed on September 13, 1990, the action was time-barred by the amended statute of limitations.

Plaintiff filed an answer to defendants' motion for reconsideration and a memorandum in opposition to the motion, which alleged that even if the 12-year limitations period referred to in section 13—202.2(b) applied, plaintiff was under a legal disability at the time she attained the age of 18 and that, under section 13—202.2(d) (Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2(d)), "the limitation periods under subsection (b) do not begin to run until the removal of the disability." However, plaintiff's memorandum noted that whether the psychological trauma caused by defendants' physical and sexual abuse constituted a legal disability sufficient to delay the commencement of the limitations period under subsection (b) and when such legal disability ended were questions "which can only be resolved by

a hearing." On March 25, 1991, the circuit court entered an order allowing defendants' motion for the reconsideration, vacating the court's December 13, 1990, order denying defendants' motion to dismiss, and dismissed plaintiff's complaint with prejudice. The circuit court's order stated, *inter alia*, that the psychological trauma alleged by plaintiff was not sufficient to constitute a legal disability which delayed commencement of the limitations period.

On April 24, 1991, plaintiff filed a motion to vacate the circuit court's order dismissing her complaint, arguing that the court should not have concluded as a matter of law that the psychological trauma alleged by plaintiff was insufficient to constitute a legal disability and requesting that plaintiff be granted a hearing on the issue or leave to file an amended complaint to sufficiently plead a legal disability. Following a hearing on August 7, 1991, the circuit court denied plaintiff's motion to vacate, and an appeal followed. In an unpublished order (*Pedigo v. Pedigo*, 247 Ill. App. 3d 1111 (1993) (*Pedigo I*) (unpublished order under Supreme Court Rule 23 (134 Ill. 2d R. 23))), we reversed the dismissal order, finding:

> "It is clear that, because plaintiff's original and amended complaints were filed prior to the statutory amendment contained in section 13—202.2, the trial court should have allowed plaintiff the opportunity to replead and provide affidavits in order to attempt to establish that she was under a legal disability sufficient to delay commencement of the limitation period under section 13—202.2(b). See *Johnson v. Johnson* (N.D. Ill. 1991), 766 F. Supp. 662, 664-65.
>
> We wish to make clear that we are not deciding the question of whether it would be proper to bar a plaintiff's cause of action by retroactive application of an amendment to the statute of limitations. This issue may arise in the future and could be dependent upon evidence adduced at a hearing on the disability." Rule 23 order at 5.

We then remanded for further proceedings.

Upon remand, plaintiff filed a second amended complaint. Defendants filed numerous motions attacking the second amended complaint, *i.e.*, a notice demanding a bill of particulars, a motion for a fuller or more particular statement, and a motion attacking a second amended complaint. The circuit court denied defendants' motions to the extent they relied on section 2—619 of the Code (735 ILCS 5/2—619 (West 1992)). The circuit court concluded that a material and genuine disputed question of fact had been raised by the pleadings as to whether plaintiff was actually under a "legal disability." The circuit court granted defendants' motion pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1992)) and gave plaintiff

leave to clarify the time and place of the occurrence pertaining to defendant H. Eugene Pedigo.

Plaintiff filed a third amended complaint on February 16, 1995. Defendants filed a motion to reconsider, a motion to dismiss, and a motion attacking the third amended complaint. On July 24, 1995, the circuit court entered an order denying defendants' motions and ordering the parties to proceed with discovery. In response, defendants filed a motion to reconsider and vacate and a motion to vacate and dismiss or, in the alternative, grant a rehearing. Plaintiff responded to defendants' motions. Plaintiff also filed her own affidavit, along with a supplemental affidavit.

After a hearing on defendants' motions to vacate, the circuit court concluded that its previous position as to plaintiff's third amended complaint was erroneous and that plaintiff's third amended complaint was actually "insufficient as a matter of law to plead a legal disability sufficient to delay commencement of a limitations period under section 13—202.2(b)." Upon a reexamination of *Pedigo I*, the circuit court concluded that it was not sufficient for plaintiff merely to replead, and the court ruled that plaintiff was also required to establish by an affidavit from a competent expert that plaintiff was under a legal disability sufficient to delay the commencement of the limitations period under the statute. Plaintiff was given 45 days in which to submit such an affidavit. In response, plaintiff submitted the affidavit of Mary L. Froning, a licensed clinical psychologist.

Defendant H. Eugene Pedigo filed his own affidavit, as well as the affidavits of Marian Pedigo, Silas R. Pedigo, Faye Pedigo, and Robert P. Morton. After considering the submissions of the parties and pursuant to a rehearing, the circuit court reversed itself and granted defendants' motions to reconsider and dismissed plaintiff's third amended complaint. Plaintiff now appeals.

## ANALYSIS

### I

The issue we address is whether the circuit court erred in dismissing plaintiff's complaint as time-barred under section 13—202.2(b) of the Code. Plaintiff contends that the circuit court erred in dismissing her complaint, and she raises three arguments in support thereof: first, the existence of a legal disability is a fact question which should be determined by the trier of fact; second, the circuit court incorrectly interpreted the standards contained in *Johnson v. Johnson*, 766 F. Supp. 662, 664-65 (N.D. Ill. 1991); and third, it is unconscionable to hold plaintiff to pleadings and proofs based on changing definitions of legal disability and changing legislative requirements. Defendants respond that the circuit court did not err in dismissing

plaintiff's complaint on the ground that it was barred as a matter of law by the application of section 13—202.2(b) of the Code because there was an absence of a genuine issue of material fact concerning the allegation of legal disability. Defendants further contend that the circuit court correctly interpreted the standards contained in *Johnson*. Finally, defendants respond that plaintiff waived her argument that it is unconscionable to hold plaintiff to pleadings and proof based on changing definitions of legal disability and changing legislative requirements, by not raising it before the circuit court.

■ We agree with plaintiff that the issue before us is muddled and confused due to changing legal requirements; thus, we find it best to begin our analysis by sorting through those changing legal requirements. At the time plaintiff filed the instant action, the Illinois statute of limitations for personal injury actions was, and remains, two years. Ill. Rev. Stat. 1989, ch. 110, par. 13—202. Prior to our General Assembly addressing the situation of an adult incest victim who has no conscious memory of the abuse until after the statutory period has expired, the consensus among Illinois courts was that the "discovery rule" applied to such a situation. See *Johnson v. Johnson*, 701 F. Supp. 1363, 1369-70 (N.D. Ill. 1988); *Franke v. Geyer*, 209 Ill. App. 3d 1009, 568 N.E.2d 931 (1991). The discovery rule postpones the starting of the period of limitations until the injured party possesses sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. *Franke*, 209 Ill. App. 3d at 1011, 568 N.E.2d at 932, citing *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 430 N.E.2d 976 (1981).

■ On January 1, 1991, the Code was amended by our General Assembly, adding section 13—202.2, which specifically addresses the situation of an adult victim who has no conscious memory of the sexual abuse until after the statute-tolling provision has expired:

"§ 13—202.2 Childhood sexual abuse. (a) In this Section:

'Childhood sexual abuse' means an act of sexual abuse that occurs when the person abused is under 18 years of age.

'Sexual abuse' includes but is not limited to sexual conduct and sexual penetration as defined in Section 12—12 of the Criminal Code of 1961.

(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on

childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years.

(c) If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series.

(d) The limitation periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (b) do not begin to run until the removal of the disability.

(e) This Section applies to actions pending on the effective date of this amendatory Act of 1990 as well as to actions commenced on or after that date." Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2.

By enacting section 13—202.2 of the Code, our General Assembly acknowledged that the discovery rule is applicable to the situation where an adult victim has no conscious memory until after the tolling provision has expired, as indicated in *Johnson* and *Franke*, but sought to place a 12-year limit on the availability of a remedy for past abuse. See Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2(b); *Phillips v. Johnson*, 231 Ill. App. 3d 890, 894, 599 N.E.2d 4, 7 (1992).

The situation presented here, however, is complicated by the fact that, three years after the 12-year statute of repose was instituted, our General Assembly chose to amend that portion of the statute to delete the 12-year limitations period. This section now provides:

"(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse." 735 ILCS 5/13—202.2(b) (West 1994).

The 12-year language was deleted by Public Act 88—127, section 5, effective January 1, 1994.

As previously set forth, in *Pedigo I* we relied on *Johnson* in finding that the circuit court should have allowed plaintiff the opportunity to replead and provide affidavits in order to attempt to establish that she was under a legal disability. *Johnson* is a case similar to the case at bar. In that case, the 36-year-old plaintiff alleged that her father had abused her sexually between 1958 and 1968, that she

had suppressed her memories of the abuse as a self-protecting measure, and that in 1987 during treatment she recovered her memory of the abuse. The United States District Court for the Northern District of Illinois distinguished between those incest cases where the plaintiff knows of the sexual conduct but is unaware of the physical or psychological problems caused by the abuse until past the period of limitation and those cases where the plaintiff has no memory of sexual abuse until shortly before suit is filed. After reviewing the rulings in other states, the federal district court in *Johnson* determined that Illinois courts would take into account the equitable considerations involved and would allow the discovery rule to apply in the case of a suppressed memory of childhood abuse. A review of the *Johnson* case shows that the *Johnson* court did not consider the applicability of the 12-year statute of repose to pending cases but assumed that the 1991 statute of repose did apply to that case since the parties did not dispute its applicability.

After our decision in *Pedigo I*, our colleagues on the Third District Appellate Court addressed a similar situation in *Phillips v. Johnson*, 231 Ill. App. 3d 890, 599 N.E.2d 4 (1992). In that case, a niece sued her uncle for damages allegedly arising out of sexual abuse committed by the uncle when she was a child. The *Phillips* court concluded, contrary to the decision of the circuit court, that the two-year period of limitations began to run when the niece discovered the previously repressed sexual abuse. *Phillips*, 231 Ill. App. 3d at 894-96, 599 N.E.2d at 5-7. The *Phillips* court also concluded that section 13—202.2(b) of the Code, which placed a 12-year limitation on the availability of a remedy for childhood sexual abuse, *does not* apply retroactively to pending cases filed before the statute's effective date. 231 Ill. App. 3d at 894-96, 599 N.E.2d at 7-8. Section 13—202.2 became effective January 1, 1991, while the plaintiff in *Phillips*, then 35, filed her action on August 21, 1990. The defendant's motion to dismiss was heard on December 4, 1990, but was not decided by the circuit court until January 29, 1991. The applicability of the 12-year statute of repose was not raised until the plaintiff filed her motion to reconsider, and the circuit court found section 13—202.2(b) as additional reason to dismiss, in effect holding that the statute applied retroactively. 231 Ill. App. 3d at 894, 599 N.E.2d at 7.

On appeal, the *Phillips* court disagreed with the circuit court, even though the amendatory enactment, effective January 1, 1991, contains an express provision that it is to apply to actions pending on January 1, 1991, as well as to actions commenced on or after that day. Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13—202.2(e). The *Phillips* court held that since the plaintiff filed her complaint prior to the

effective date of the statute, the plaintiff actually filed pursuant to the two-year discovery rule then in effect, and it would be unjust, unfair, and inequitable to extinguish her cause of action by retroactive application of the 12-year statute of repose. *Phillips*, 231 Ill. App. 3d at 896, 599 N.E.2d at 8. Following the *Phillips* decision, our General Assembly amended section 13—202.2(b) by deleting the 12-year statute of repose.

In the instant case, plaintiff filed her complaint on September 13, 1990. In October 1990, defendants filed a motion to dismiss. On December 13, 1990, the circuit court entered an order denying defendants' motion to dismiss as time-barred and granting plaintiff leave to file an amended complaint for reasons other than those at issue here. Plaintiff filed her first amended complaint on December 24, 1990. On January 11, 1991, defendants filed a motion for the reconsideration of their motion to dismiss, citing section 13—202.2 of the Code.

■ Reviewing this case in light of *Phillips* and our General Assembly's most recent amendment to section 13—202.2(b), which deleted the 12-year statute of repose, we are convinced that it would be contrary to our state's legislative policy to require that this cause of action be extinguished by the retroactive application of the 12-year statute of repose. A review of the legislative enactments surrounding section 13—202.2 makes it clear that our General Assembly recognized that childhood sexual abuse may result in delayed recollections of the events and that codification of the discovery rule benefits plaintiffs who might otherwise be barred. We will not hold plaintiff to a more stringent standard and force her to prove the existence of a "legal disability" in order to be able to proceed when, both at the time she filed her cause of action and at the present time, it was and is unnecessary for a plaintiff to establish a "legal disability" in order to proceed.

Defendants cite the case of *M.E.H. v. L.H.*, 283 Ill. App. 3d 241, 669 N.E.2d 1228 (1996), in support of their position that the 1994 amendment, which repealed the 12-year statute of repose, does not apply retroactively to revive a plaintiff's cause of action. In *M.E.H.*, the plaintiffs were 44 and 45 years of age when they filed their tort action against their parents on October 14, 1994. The trial court granted the defendants' motions to dismiss, concluding that the general personal injury statute of limitations (735 ILCS 5/13—202 (West 1992)) barred claims against the mother and the 12-year statute of repose barred claims against the father. The plaintiffs in *M.E.H.* did not provide a challenge to the trial court's dismissal of the counts against their mother, leaving only the counts against the father for

review. Our colleagues on the Second District Appellate Court affirmed, finding, *inter alia*, not only that plaintiffs were barred because of the 1991 statute of repose but also that the discovery rule did not apply to cases in which a plaintiff allegedly suppresses the memory of childhood sexual abuse and remembers it years later. *M.E.H.*, 283 Ill. App. 3d at 250-53, 669 N.E.2d at 1234-36. Our supreme court recently affirmed (*M.E.H. v. L.H.*, 177 Ill. 2d 207 (1997)), but only on the basis that the plaintiffs were barred from recovery because of the 1991 statute of repose. *M.E.H.*, 177 Ill. 2d at 221 (Heiple, J., specially concurring). In an opinion filed subsequent to oral argument in the instant case, our supreme court specifically stated:

> "Although the 12-year repose period was repealed, that repeal did not alter the viability of plaintiffs' claims. More than a hundred years ago, our court held that once a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action. That right cannot be taken away by the legislature without offending the due process protections of our state's constitution. *Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 445-50[, 40 N.E. 1025] (1895).

> Our court has continued to adhere to this view. See *Sepmeyer v. Holman*, 162 Ill. 2d 249, 253-55[, 642 N.E.2d 1242] (1994). Although the present matter involves a statute of repose rather than a statute of limitations, there is no basis for applying a different rule. In terms of a defendant's due process rights, the situations are the same. Accordingly, we agree with the circuit and appellate courts that repeal of the statutory repose period could not operate to revive plaintiffs' claims. If the claims were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislature." *M.E.H.*, 177 Ill. 2d at 214-15.

Our supreme court's determination in *M.E.H.* was based in large part on the fact that the victims did not file suit until the fall of 1994, even though both the plaintiffs admitted to discovering that they were victims of the alleged abuse by 1992. Because of the plaintiffs' failure to file suit until two years after the memories surfaced and almost 3 years and 10 months after the 12-year statute of repose took effect, the supreme court found that the plaintiffs' claims were properly dismissed as untimely. *M.E.H.*, 177 Ill. 2d at 219. The supreme court specifically addressed the case on which we rely, *Phillips*, and distinguished it as follows:

> "In arguing that they acted with sufficient dispatch, plaintiffs have cited the appellate court's opinion in *Phillips v. Johnson*, 231 Ill. App. 3d 890[, 599 N.E.2d 4] (1992). That case, however, is inapposite. There the plaintiffs had already filed suit by the time

the period of repose took effect. As we have just noted, plaintiffs in this case did not initiate their litigation until years after the effective date of the repose period.

There are no compelling reasons to justify plaintiffs' delay. The excuse plaintiffs gave in the trial court for not filing suit earlier was simply that they did not believe they could. According to their response to defendants' motion to dismiss, plaintiffs believed that enactment of the repose period precluded them from bringing suit and left them with no cause of action until the 12-year period was repealed by the new legislation in January of 1994. Contrary to the position they have taken on appeal, plaintiffs did not contend that reasonable additional time was still available to them.

As we have discussed, and as plaintiffs have now recognized, this view of the law was incorrect. Plaintiffs did have a reasonable period after the law took effect to bring suit. In addition, the viability of their action was not dependent on subsequent legislation. For reasons previously mentioned, if plaintiffs' claims were time-barred under the old law, they would have remained time-barred even after the repose period was abolished by the legislature." *M.E.H.*, 177 Ill. 2d at 219-20.

In the instant case, plaintiff's memories of alleged abuse surfaced in October or November 1988, according to the pleadings. She filed suit less than two years later on September 13, 1990. At that time, the 12-year statute of repose was not in effect. Likewise, in *Phillips*, the plaintiff alleged that memories of sexual abuse surfaced on August 22, 1988, and she filed suit within two years on August 21, 1990. Because the facts of the instant case are so similar to *Phillips* and because our supreme court let stand the *Phillips* decision in *M.E.H.*, we choose to follow *Phillips*.

## II

As we noted earlier, in *Pedigo I* we limited our holding by making it clear we were not deciding the issue of whether it would be proper to bar a plaintiff's cause of action by retroactive application of an amendment to the statute of limitations. We now hold it improper to bar plaintiff's cause of action by retroactive application of the statute of repose. The fact that plaintiff's complaint was timely filed pursuant to the discovery rule in effect when she filed her complaint in September 1990 and the discovery rule now in effect warrant the reversal of the circuit court's dismissal order. Finally, we disagree with defendants' contention that plaintiff waived her argument that it was unconscionable to hold plaintiff to pleadings and proof based on changing definitions of legal disability and changing legislative requirements.

842

For the foregoing reasons, the dismissal order of the circuit court of Madison County is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CHAPMAN and HOPKINS, JJ., concur.