JOELL CLAY, Plaintiff-Appellant, v. RICHARD KUHL et al., Defendants-Appellees.

Second District   No. 2—97—0266

Opinion filed June 22, 1998.

RATHJE, J., specially concurring.

Joseph G. Klest, of Law Offices of Joseph G. Klest, of Schaumburg, for appellant.

Paul G. Krentz, of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, for appellee Society of the Missionaries of the Sacred Heart.

Michael Resis, of O'Hagan, Smith & Amundsen, and Ronald D. Sutter, of Querrey & Harrow, Ltd., both of Chicago, for appellee Richard Kuhl.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Joell Clay, appeals from the March 4, 1997, order of the circuit court of Kane County dismissing her complaint against the defendants, Brother Richard Kuhl and the Society of the Missionaries of the Sacred Heart (the Society). The plaintiff seeks recovery for damages arising out of the alleged sexual abuse committed against her by Brother Kuhl when she was a minor. In her complaint, the plaintiff alleged that Brother Kuhl began sexually abusing her in 1972 or 1973 but that she did not recall that molestation until 1995. Relying on this court's decision in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), *aff'd*, 177 Ill. 2d 207 (1997), the trial court dismissed the plaintiff's com-

plaint as barred by the statute of limitations. On appeal, the plaintiff argues that (1) her action was timely filed under section 13—202.2 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—202.2 (West 1996)); (2) *M.E.H.* is factually distinguishable from the instant case; and (3) alternatively, we should change or modify our opinion in *M.E.H.* so as to allow her action to proceed. We reverse and remand.

The facts relevant to the disposition of this appeal are as follows. On January 10, 1996, the plaintiff filed a four-count complaint against the defendants. The plaintiff amended her complaint twice. In her third amended complaint, the plaintiff alleged that Brother Kuhl sexually abused her over 900 times during a four-year period, starting when she was five or six years old. She also alleged that the Society had notice that Brother Kuhl was sexually abusing children and failed to take steps to prevent Brother Kuhl from molesting her. The plaintiff alleged that the abuse has caused her severe and irreparable psychological harm and that she has attempted suicide twice due to depression. The complaint further alleged that the plaintiff "had no memory of the molestation at any time during her majority until February of 1995." At the time the plaintiff initially filed her complaint, she was 28 years old.

Both defendants filed motions to dismiss the plaintiff's complaint pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1996)). In reliance on this court's decision in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), the defendants asserted that the plaintiff's action was barred by the applicable statute of limitations. On March 4, 1997, the trial court granted the defendants' motions to dismiss. The plaintiff filed a timely notice of appeal.

On appeal, the plaintiff argues that the trial court improperly dismissed her complaint. The plaintiff contends that, pursuant to section 13—202.2 of the Code, she was entitled to bring her action within two years of the time she discovered that the act of childhood sexual abuse occurred. 735 ILCS 5/13—202.2 (West 1996). She maintains that the acts of abuse occurred from October 1972 or 1973 and continued for four years, ending no later than 1977. Without any allegation as to why she had no memory of the acts of abuse, she claims that she did not recall the events until February 1995. Since she filed her original complaint in this cause on January 10, 1996, which was within two years of when she claims to have first recalled the abuse, the plaintiff contends that her action was timely filed. Additionally, she argues that the trial court's reliance on *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), was improper because *M.E.H.* is factually distinguishable from the instant case. Alternatively, she asks that we change or modify our opinion in *M.E.H.* to allow her action.

■ The primary purpose of section 2—619 is to afford a means of obtaining, at the outset of a case, a summary disposition of issues of law and of easily proved questions of fact. *Doe v. Montessori School*, 287 Ill. App. 3d 289, 296 (1997). Under section 2—619(a)(5), a defendant may raise a statute of limitations issue in a motion to dismiss. 735 ILCS 5/2—619(a)(5) (West 1996). When the defendant does so, the plaintiff must provide enough facts to avoid the application of the statute of limitations. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 84 (1995). When a plaintiff uses the discovery rule to delay the commencement of the statute of limitations, the plaintiff has the burden of proving the date of discovery. *Hermitage*, 166 Ill. 2d at 85.

■ Furthermore, when the defendant makes a motion to dismiss under section 2—619, all well-pleaded facts and reasonable inferences are accepted as true for purposes of the motion; conclusions of law, however, are not accepted as true. *Hermitage*, 166 Ill. 2d at 85. A reviewing court should conduct an independent review of the propriety of dismissing the complaint and is not required to defer to the trial court's reasoning. *Doe*, 287 Ill. App. 3d at 297.

■ Whether the plaintiff's action in the instant case was timely filed is determined by examining the provisions of sections 13—202.2(b) and (c) of the Code. 735 ILCS 5/13—202.2(b), (c) (West 1996). These sections provide:

> "(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse.

> (c) If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series." 735 ILCS 5/13—202.2(b), (c) (West 1996).

■ Childhood sexual abuse is defined as sexual abuse that occurs to a person under 18 years of age. 735 ILCS 5/13—202.2(a) (West 1996). The limitations of section 13—202.2(b) do not begin to run until the alleged victim has attained the age of 18 years. 735 ILCS 5/13—202.2(d) (West 1996).

■ The principles governing statutory interpretation are well settled. The primary rule is that a court should determine and give ef-

fect to the legislature's intent. *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997). This intent is best discerned from the words of the statute itself. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). Where the statutory language is clear and unambiguous, a court must construe the statute as enacted without adding exceptions, conditions, or limitations to the legislature's clearly expressed intent. *Bethania Ass'n v. Jackson*, 262 Ill. App. 3d 773, 776-77 (1994). Additionally, a court must construe the statute so as to give each provision some reasonable meaning and to avoid finding surplusage, if possible. *Bethania Ass'n*, 262 Ill. App. 3d at 777. On appeal, an issue of statutory construction is subject to *de novo* review. *Lucas*, 175 Ill. 2d at 171.

■ The plain language of subsection (b) provides that an action for "childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover [the abuse]." 735 ILCS 5/13—202.2(b) (West 1996). Subsection (c) further provides that a person's cause of action commences when she discovers the last act of childhood sexual abuse or that she suffered an injury from such abuse. 735 ILCS 5/13—202.2(c) (West 1996). Accordingly, we find that the plain language of the statute mandates that the limitations period for an action for childhood sexual abuse begins to run only when the person discovers, or should have reasonably discovered, that she was the victim of childhood sexual abuse. In so ruling, we note that our interpretation of section 13—202.2 is consistent with that of other Illinois courts. See *Hawley v. Kenley*, 261 Ill. App. 3d 307, 311 (1994); *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1032 (1994); *Pedigo v. Pedigo*, 292 Ill. App. 3d 831, 837 (1997).

As noted above, however, the trial court declined to apply section 13—202.2(b) to toll the statute of limitations on the plaintiff's action and instead determined that her action was barred based upon this court's ruling in *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), *aff'd*, 177 Ill. 2d 207 (1997). In *M.E.H.*, this court noted in *dicta* that the discovery rule should not be applied in cases of childhood sexual abuse because such abuse is "a sudden traumatic event." 283 Ill. App. 3d at 252. In *M.E.H.*, the plaintiffs were 44 and 45 years of age at the time they filed a tort action against their father based on alleged acts of sexual abuse. 283 Ill. App. 3d at 244-45. In their complaint, the plaintiffs alleged that their father began sexually abusing them when they were four years old and that the abuse continued through their high school years. *M.E.H.*, 283 Ill. App. 3d at 245. The trial court granted the defendant's motion to dismiss, concluding that the plaintiffs' action was barred by the 12-year statute of repose then in

effect. *M.E.H.*, 283 Ill. App. 3d at 244, citing 735 ILCS 5/13—202.2(b) (West 1992) (repealed by Pub. Act 88—127 § 5, eff. January 1, 1994).

On appeal, we affirmed the trial court and held that the plaintiffs' action was barred by the statute of repose. *M.E.H.*, 283 Ill. App. 3d at 246. However, we also noted in *dicta* that, notwithstanding the statute of repose, the plaintiffs' action would have also been barred by the statute of limitations. *M.E.H.*, 283 Ill. App. 3d at 251. We stated that the discovery rule did not toll the statute of limitations on the plaintiffs' action based upon our conclusion that childhood sexual abuse is "a sudden traumatic event" that puts the injured party on notice that actionable conduct might be involved. *M.E.H.*, 283 Ill. App. 3d at 251.

■ After carefully reconsidering this court's comments in *M.E.H.*, we have come to the conclusion that further clarification of our description of childhood sexual abuse as a "sudden traumatic event" is necessary. A "sudden traumatic event" involves such force or violence that the law presumes that the injured party is aware of its injury and its right of action as soon as it occurs. See *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 363 (1995); *Sharpenter v. Lynch*, 233 Ill. App. 3d 319, 324 (1992). Where a "sudden traumatic event" causes the plaintiff's injury, the cause of action accrues immediately, and, thus, the statute of limitations begins to run. *Golla*, 167 Ill. 2d at 362. Normally when a plaintiff has been injured by a "sudden traumatic event," the discovery rule may *not* be utilized to toll the statute of limitations. See generally *Sille v. McCann Construction Specialties Co.*, 265 Ill. App. 3d 1051, 1056 (1994).

■ As discussed above, however, we find that the plain language of section 13—202.2 tolls the applicable limitations period until a person discovers, or reasonably should have discovered, that she was a victim of childhood sexual abuse. See 735 ILCS 13—202.2 (West 1996). Therefore, although an instance of childhood sexual abuse is a "sudden traumatic event" that would normally preclude the application of the discovery rule, the legislature has recognized the possibility that, in cases of childhood sexual abuse, some intervening phenomenon could prevent cognizance by the victim of the event and could thereby trigger the statutorily imposed discovery rule. Giving effect to the plain language of section 13—202.2, we are compelled to conclude that childhood sexual abuse, although a "sudden traumatic event," may not in every instance preclude application of the discovery rule.

Nonetheless, we agree with the *M.E.H.* court to the extent that childhood sexual abuse is a type of event that ordinarily should put the plaintiff on notice of his injury. See *M.E.H.*, 283 Ill. App. 3d at 251. Victims of childhood sexual abuse would normally be aware of the oc-

currence of the actions that constitute the abuse when it happens. See generally *M.E.H.*, 283 Ill. App. 3d at 251. However, we recognize the possibility that a plaintiff in such a case may subsequently suffer from a condition or disability that renders her unable to recognize that the event occurred or that she suffered a resulting injury. Other courts have recognized some conditions that claim to prevent memories of childhood sexual abuse. See generally *Pedigo v. Pedigo*, 292 Ill. App. 3d 831, 839 (1997); *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1033-34 (1994); *Phillips v. Johnson*, 231 Ill. App. 3d 890, 893 (1992). Without specifically considering whether repressed memories represent a valid condition to toll the statute, we are compelled to agree with these courts that, in instances where the plaintiff is suffering from a recognized and accepted condition or disability which prevents knowledge of the sexual abuse, section 13—202.2 of the Code may apply to toll the applicable limitations period. See 735 ILCS 5/13—202.2 (West 1996). Therefore, notwithstanding our comments in *M.E.H.*, we acknowledge that in certain instances a plaintiff may be suffering from a condition that precludes her from recognizing that she has been a victim of childhood sexual abuse.

■ Our analysis next turns to whether the plaintiff's action in the instant case was timely filed. Under section 13—202.2(d), the plaintiff has two years to file her action after reaching the age of 18. 735 ILCS 5/13—202.2(d) (West 1996). However, as noted above, the statute allows for a time of discovery. 735 ILCS 5/13—202.2(b), (c) (West 1996). We note that section 13—202.2 is a codification of the judicially created discovery rule. *D.P. v. M.J.O.*, 266 Ill. App. 2d 1029, 1032 (1994). The discovery rule, as developed at common law, requires both knowledge of the injury and of its wrongful cause before the statute of limitations begins to run. *Witherell v. Weimer*, 85 Ill. 2d 146, 155-56 (1981). The knowledge need not be actual or certain so long as "[a]t some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 416 (1981).

■■ The plaintiff in the instant case did not file her complaint within two years of reaching the age of 18. As noted above, the plaintiff was 28 years of age at the time she filed her complaint. In her complaint, the plaintiff alleges that she "had no memory of the molestation at any time during her majority until February of 1995." We find that this allegation is ambiguous and insufficient to toll the statute of limitations under section 13—202.2. See 735 ILCS 5/13—202.2 (West 1996). In other cases where the discovery rule has been applied, the

plaintiff provided a well-articulated explanation of why it was impossible for her to discover her injury sooner. See, *e.g.*, *Lipsey v. Michael Reese Hospital*, 46 Ill. 2d 32, 35 (1970) (plaintiff alleging medical malpractice was unable to discover injury until three years after doctor misdiagnosed lump under her arm as benign); *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 685-86 (1995) (plaintiff alleging legal malpractice on issue of a promissory note was unable to discover injury until eight years later when he was sued by person that attorney had simultaneously represented).

Based on the plaintiff's bare allegations, she seems to be alleging that the discovery rule should be applied because she did not remember until 1995 that the sexual abuse occurred. The plaintiff cites no authority for the proposition that mere forgetfulness is a legitimate ground to toll the statute. Moreover, our research has revealed no authority that accepts such a basis for application of the discovery rule. We therefore conclude that, as a matter of law, mere forgetfulness cannot constitute a sufficient ground to toll the statute. We believe that to hold otherwise would defeat the purpose of the statute of limitations. See *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill. 2d 129, 132 (1975) (primary purpose of limitations period is to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims). Plaintiffs would otherwise have an unlimited time to bring their action and could escape a statutory bar by alleging that they did not remember being injured until shortly before they filed their action.

Another possible interpretation of the plaintiff's allegations, however, is that she did not discover her injuries until 1995 because she was suffering from a psychological condition that caused her to repress the memories of the alleged abuse. As noted above, several Illinois courts have held that the discovery rule applies to childhood sexual abuse cases where the plaintiff repressed her memory of the abuse. See *Pedigo v. Pedigo*, 292 Ill. App. 3d 831, 839 (1997); *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1033-34 (1994); *Phillips v. Johnson*, 231 Ill. App. 3d 890, 893 (1992). We also note, however, that the validity of repressed memories has been found to be both controversial and of suspect nature. See *Doe v. McKay*, 286 Ill. App. 3d 1020, 1025 (1997); *M.E.H. v. L.H.*, 283 Ill. App. 3d 241, 252 (1996). As we noted in *M.E.H.*, allegations based on repressed memories are inherently suspect because there are no means to independently verify them. *M.E.H.*, 283 Ill. App. 3d at 252. If it is the plaintiff's intention to rely on such a psychological condition to toll the statute of limitations, then she is obligated to plead the condition with sufficient specificity to advise the

defendants of the alleged basis on which section 13—202.2 applies. It then would be for the trial court to determine, as a matter of law, whether such a condition is a scientifically recognized condition that would prevent the plaintiff from reasonably discovering the abuse.

For the foregoing reasons, we conclude that *M.E.H. v. L.H.*, 283 Ill. App. 3d 241 (1996), does not act as an outright bar to the plaintiff's complaint. However, we do believe that the plaintiff's complaint insufficiently alleges the basis for the application of section 13—202.2 to toll the statute of limitations. We therefore remand the cause to the trial court so that the plaintiff may file an amended complaint specifically alleging why she was unable to discover the alleged sexual abuse until 1995. It will then be for the trial court to determine whether the reasons alleged by the plaintiff meet the standard of legal and scientific sufficiency.

For the foregoing reasons, the judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BOWMAN, J., concurs.

JUSTICE RATHJE, specially concurring:

While I agree with the majority's conclusion that this case should be reversed and remanded for further proceedings, I do not agree with some of the reasoning used by the majority in reaching this result.

Rather than modify *M.E.H.*'s conclusion that all child sexual abuse is a sudden traumatic event, the majority attempts a difficult balancing act, in which it gives plaintiff another chance to overcome defendant's motion to dismiss, while sidestepping the sudden traumatic event element of the *M.E.H.* opinion.

As noted by the majority, the *M.E.H.* court concluded that the discovery rule does not toll the statute of limitations in the instances of child sexual abuse because such abuse is a "sudden traumatic event," which puts the injured party on notice that actionable conduct might be involved. *M.E.H.*, 283 Ill. App. 3d at 251. It is noteworthy that the *M.E.H.* court does not appear to cite any specific legal and/or psychiatric authority for its conclusion.

In the context of the allegations in the plaintiffs' third amended complaint, it is difficult to see how *M.E.H.*'s "sudden traumatic event" rule would be applicable in the instant case. The complaint's allegations are as follows. Plaintiff was born on August 27, 1967. Late in October of 1972 or 1973, defendant Kuhl, wearing the uniform of the

Society of the Missionaries of the Sacred Heart, befriended plaintiff, her sister Teresa, and her mother. At that time, Kuhl began to molest plaintiff and Teresa. This abuse occurred about two times a week for approximately four years, until plaintiff was eight or nine years old. Kuhl employed emotional coercion rather than force or violence to achieve his ends.

By essentially stating that all child sexual abuse is of the sudden traumatic event type, the *M.E.H.* court lumps the instant alleged series of sexually abusive acts against a very young girl with all other acts of childhood sexual abuse. The reality is that such abuse occurs in numerous ways to children of differing ages and life experiences. Child sexual abuse can range from the violent sexual abuse of a 17-year-old to the sexual molestation of an infant. Accordingly, it is incorrect to assume, as the *M.E.H.* court did, that there is no difference in the type of child sexual abuse perpetrated upon children or how these children perceive the sexual abuse perpetrated against them. Indeed, plaintiff alleges that at the time of the alleged molestation she did not understand that what was happening to her was abnormal. It strains credulity that, in this circumstance, she would be "put on notice that actionable conduct might be involved." *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 363 (1995).

Moreover, as noted above, the third amended complaint alleges that Kuhl had befriended plaintiff and her family and that he committed the acts of sexual abuse "through the use of emotional coercion and not by force or violence." This type of emotionally coercive but not overtly violent sexual abuse perpetrated by an authority figure and family friend differs from the "sudden traumatic event" envisioned by the *M.E.H.* court. Here, plaintiff is alleging that no such "event" occurred.

In my view, the *M.E.H.* court erred in characterizing all acts of child sexual abuse as sudden traumatic events. The allegations in the instant appeal portray a far different but no less abhorrent circumstance. At the very least, where the alleged victims are young children, the allegations of child sexual abuse should not automatically be viewed in the framework of a sudden traumatic event that puts the injured party on notice that actionable conduct might be involved.

Further, I disagree with the majority's view that plaintiff's complaint is essentially so vague and ambiguous that plaintiff has not put forward an explanation of why it was impossible for her to discover her injury sooner. It is readily apparent that plaintiff is alleging a repressed memory theory. Specifically, she alleges the following subject acts of sexual abuse initially occurred when she was four or five years old and ended when she was eight or nine years of age. Late in 1994,

plaintiff's sister, Teresa, told plaintiff that she (Teresa) had been molested by defendant Kuhl. Teresa suggested to plaintiff that she had also been molested by defendant. Up until that point in time, plaintiff "had no memory of the molestation at any time during her majority *** and is still, to this day, recalling additional incidents of molestation."

In light of these allegations, I do not share the majority's confusion as to why plaintiff did not come forward earlier with her complaint. Her allegations point to a "repressed memory" basis for the timing of the complaint. Further, I do not agree with the majority's view that in plaintiff's amended complaint on remand she must plead the condition with greater specificity. Her third amended complaint sufficiently advises defendant of the alleged basis on which section 13—202.2 applies.

In conclusion, I disagree with the majority's failure to modify *M.E.H.*'s characterization of all acts of child sexual abuse as sudden traumatic events. I also disagree that a further amended complaint is necessary for plaintiff to elaborate why she did not discover her injury sooner.