KATE ARMSTRONG, Plaintiff-Appellant, v. HEDLUND CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—99—1280

Opinion filed September 29, 2000.

Schwartz & Freeman, of Chicago (Bert Zaczek and Jacob J. Meister, of counsel), for appellant.

Berger, Newmark & Fenchel, P.C., of Chicago (Frank T. Davenport, of counsel), for appellees.

JUSTICE BURKE delivered the opinion of the court:
Plaintiff Kate Armstrong appeals from an order of the circuit

court dismissing her complaint for unpaid commissions against defendants Hedlund Corporation and David Hedlund, with prejudice, based on the running of the five-year statute of limitations for oral contracts pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1998)). On appeal, plaintiff contends that the trial court erred in finding that her cause of action accrued on the last day of her employment, October 18, 1993, as opposed to her next regularly scheduled payday, on October 31, 1993. For the reasons set forth below, we affirm.

In a letter dated October 15, 1998, plaintiff's counsel demanded that defendants make payment to plaintiff for certain unpaid wages, commissions, and "other related sums" she had earned while employed by defendants. The letter further stated that plaintiff's records showed that Hedlund Corporation owed her $11,152.89, including wages, commissions, and bonuses, but she only demanded that defendants pay $8,230 within three days of their receipt of the letter, as full and final payment, or she would file a lawsuit to collect the full amount plus interest, costs, and attorney fees.

On October 27, 1998, plaintiff filed a two-count complaint against defendants, alleging breach of contract (count I) against Hedlund Corporation and a violation of the Wage Payment and Collection Act (820 ILCS 115/1 *et seq.* (West 1998)) against Dave Hedlund (count II). In support of her claims, plaintiff alleged that she worked for Hedlund Corporation from October 7, 1990, to October 18, 1993, and that the corporation was involuntarily dissolved on November 1, 1993. Plaintiff further alleged that at the time her employment with the corporation ceased, her contract provided:

"7. *** [Plaintiff's] wages would include a commission of 30% of all placement fees paid by companies for workers she placed with them; a commission of 10% of all placement fees paid by companies that she attracted to accept Hedlund Corporation's placement workers; and a bonus of 5% of her gross yearly commissions.

8. *** Hedlund was to pay [plaintiff] twice per month, once on the fifteenth of each month and once on the last day of each month.

9. At the time [plaintiff's] employment ceased, she was owed $11,152.89."

In her prayer for relief under each count, plaintiff also requested prejudgment interest at 5% per year and attorney fees and costs. Plaintiff attached a copy of her October 15, 1998, letter to the complaint. No other documents were attached as exhibits.

On November 10, 1998, defendants filed a section 2—619 motion to dismiss plaintiff's complaint, arguing that plaintiff failed to file her action within the five-year statute of limitations applicable to oral

contracts. Defendants attached a copy of a complaint filed by plaintiff against them in 1995 as an exhibit to their motion. The 1995 complaint contained a single count alleging that defendants violated the Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 *et seq.* (West 1998)) based on the same facts as the complaint filed by plaintiff in the present case in 1998. Also attached as an exhibit to defendants' motion to dismiss was a trial court order, dated December 7, 1995, striking plaintiff's original complaint pursuant to defendants' section 2—615 motion to dismiss and allowing plaintiff 28 days to file an amended complaint. Defendants further stated in their section 2—619 motion to dismiss that plaintiff's 1995 lawsuit was dismissed for want of prosecution after plaintiff failed to file an amended complaint or to otherwise respond to their counterclaim or discovery requests filed in that case.

In her response to defendant's motion to dismiss, plaintiff argued that because defendants were only required to pay her on the fifteenth day and the last day of every month, the fact that her employment with the corporation ended on October 18, 1993, gave defendants the right to deliver her final paycheck by October 31 and that her cause of action, therefore, accrued on November 1, 1993, when defendants failed to make the payment. Plaintiff claimed that a cause of action for breach of contract did not accrue until payment of money under the contract was due and that the filing of her complaint on October 27, 1998, therefore, fell within the applicable five-year statute of limitations.

On February 24, 1999, the trial court granted defendants' motion to dismiss, finding that plaintiff's causes of action arose on October 18, 1993. The order specifically stated:

"Plaintiff's cause of action arose and accrued on October 18, 1993 (the date of her alleged termination) and not a later date that the Defendants could have relied upon under 820 ILCS 115/5 [(Wage Act)], the cause of action accrues for statute of limitations purposes under 820 ILCS 115/5 and 820 ILCS 115/13 as of the date of the employee's termination, 735 ILCS 5/13—205 applies to bar these claims as they were filed more than five years after termination, therefore, Defendants' joint motion to dismiss is granted with prejudice."

On March 26, 1999, plaintiff filed a motion to reconsider the trial court's February 24, 1999, order. Plaintiff argued that she had specifically pled that the terms of her contract required that she wait until October 31, 1994, for payment from defendants. In a footnote in her motion to reconsider, plaintiff stated:

"In the event that this motion is unsuccessful, Kate further

wishes to clarify for the record that her claim for damages *** is not alleging that she worked from October 16, 1994 [*sic*] to October 18, 1994 [*sic*], to be entitled to that sum of money. Rather, the terms of her employment contract specified that Kate would not be paid commissions until Hedlund Corporation received payments from the customers to whom Kate sold, and then, only in the next pay period after the pay period in which Hedlund received payment. Specifically, if Kate made a sale on October 1, 1994, and the payment was received by Hedlund on October 16, 1994, the next pay period would have been November 1, 1994. Kate's commission would then come due on November 15, 1994."

The trial court denied plaintiff's motion for reconsideration, and this appeal followed.

Following the filing of this appeal, defendants filed a motion to strike plaintiff's appellate brief based on their argument that it failed to comply with Supreme Court Rule 341. 177 Ill. 2d R. 341. Defendants contend that plaintiff included in her brief "certain allegations, and corresponding arguments, which are wholly unsupported by the [r]ecord." The "unsupported allegations" in plaintiff's brief that defendants complain of include: (1) plaintiff's compensation from Hedlund Corporation consisted entirely of commissions and bonuses and not wages; (2) Hedlund Corporation paid her commissions in arrears so that they were "due in the next pay period immediately following the pay period in which Hedlund Corporation received payments from its clients"; and (3) Hedlund Corporation had not received certain payments from its clients by October 27, 1993. Defendants request that we strike plaintiff's appellate brief or, in the alternative, strike those portions of the brief not supported by the record. We took this motion with plaintiff's appeal.

■ ■ When considering a motion to dismiss pursuant to section 2—619 of the Code, we accept all well-pleaded facts and reasonable inferences therefrom as true for the purpose of the motion. *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1073, 603 N.E.2d 1215 (1992). A party cannot assert on appeal matters that were not raised in the trial court. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 355, 701 N.E.2d 493 (1998). Supreme Court Rule 341(e) states:

"Appellant's Brief. The appellant's brief shall contain the following parts in the order named:

* * *

(6) Statement of Facts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment and with appropriate reference to the pages of the record on appeal[.]" 177 Ill. 2d R. 341(e)(6).

■ We first address defendants' contention that plaintiff has failed to provide any support for her assertion that she received only commissions as her payment from Hedlund Corporation. Paragraph "7" of plaintiff's complaint states that "[plaintiff's] contract with Hedlund Corporation provided, among other things, that her *wages* would include a *commission* \*\*\* of all placement fees *paid* by companies." (Emphasis added.) Additionally, paragraph "15" of plaintiff's complaint states that "[plaintiff] made a written demand upon Hedlund Corporation for payment of her *wages*." (Emphasis added.) The record does not contain any further description or explanation of the compensation earned by plaintiff from Hedlund Corporation. Based on the facts pled in the complaint, which we accept as true for purposes of defendants' motion to dismiss, and the record, we agree with defendants that the record does not support an assertion that plaintiff received *only* commissions as her compensation from Hedlund Corporation, and we, therefore, strike and do not consider any assertions in plaintiff's appellate brief inconsistent with our finding.

■ With respect to defendants' next contention that plaintiff has failed to support her assertion that Hedlund Corporation paid her commissions in "arrears," we also find from our review of plaintiff's complaint and the record that plaintiff did not make any allegations supporting this assertion and there is no evidence in the record indicating that this assertion was, in fact, a part of plaintiff's employment contract with Hedlund Corporation. Although plaintiff did raise this assertion in the footnote to her motion for reconsideration, quoted above, the footnote did not properly raise the issue before the trial court. Motions for reconsideration are intended to bring newly discovered evidence to the trial court's attention which was unavailable at the time of the original hearing (see *Continental Casualty Co. v. Security Insurance Co.*, 279 Ill. App. 3d 815, 821, 665 N.E.2d 374 (1996)). Plaintiff's assertion in the footnote that Hedlund Corporation could pay her commissions in "arrears" pursuant to her employment contract, entitling her to payment as late as November 15, 1993, was not new evidence and could have been raised in her complaint or before the trial court prior to its ruling on defendants' motion to dismiss. We therefore strike this assertion from plaintiff's appellate brief and do not address it on appeal.

■ Lastly, addressing defendants' contention that plaintiff failed to support her assertion in her appellate brief that Hedlund Corporation had not received payments from its clients by October 27, 1993, we note, as quoted above, that plaintiff's complaint did allege that plaintiff was entitled to commissions on all fees "paid" by companies with which she placed workers. Accepting this fact as true for purposes of

defendants' motion to dismiss, we find that plaintiff has supported her argument that she would be legally entitled to commissions on fees *paid* by companies with whom she placed workers after her separation from Hedlund Corporation on October 18, 1993. Plaintiff's complaint, however, does not allege that any such outstanding payments were owed to Hedlund Corporation after her separation or that such payments were, in fact, made. Additionally, the record does not contain any evidence or arguments that such payments were owed or made. We therefore strike any assertions in plaintiff's appellate brief that payments were made or owed by clients to Hedlund Corporation after plaintiff's separation and do not address these assertions on appeal.

We next address plaintiff's remaining arguments raised in her appellate brief. Plaintiff first contends that the trial court erred in dismissing her breach of contract claim based on the five-year statute of limitations because her claim did not "accrue until after the date the money [was] owed" to her under the terms of the contract between her and defendants. Plaintiff argues that in considering defendants' motion to dismiss, the trial court was required to assume that "Hedlund Corporation's clients had not made their payments by the date [she] quit." She maintains that defendants never presented any evidence that such a payment had been made, and the trial court improperly accepted defendants' "contention" that a cause of action under the Wage Act accrued at the time of her "separation." Plaintiff further argues that the trial court's ruling, therefore, ignored the terms of her contract which stated that she would not be entitled to a commission until the client paid the corporation. She claims that Hedlund Corporation had not received payment from its customers by October 27, 1993, and that she timely filed her complaint on October 27, 1998.

Defendants contend that the trial court properly dismissed plaintiff's complaint because plaintiff failed to allege that her contract specified that she did not have a right to receive commissions until Hedlund Corporation's customers first made payment or that commissions would be paid in arrears so that the commissions did not become due until the pay period following that in which the customers paid the corporation. Defendants also argue that plaintiff failed to allege that Hedlund Corporation had not yet received all customer payments for which she was entitled to a commission by the time her employment was terminated.[1] Defendants maintain that the allegations in paragraphs 3 and 9 of plaintiff's complaint, alleging that when

---

[1]Defendants indicate in their appellate brief that plaintiff's employment with Hedlund Corporation was terminated. Plaintiff, however, states in her

plaintiff's employment was terminated on October 18, 1993, she was "owed" $11,152.89, "clearly and unequivocally" alleged that defendants had a "current and present obligation" to pay her that amount on October 18, 1993. Defendants argue, therefore, that the trial court properly found that plaintiff's right to payment accrued on October 18, 1993, which was the beginning of the running of the statute of limitations on plaintiff's claim.

A motion to dismiss a complaint pursuant to section 2—619(a)(5) of the Code admits all well-pleaded facts in the complaint and all reasonable inferences drawn therefrom. *Ferrer v. Kuhl*, 301 Ill. App. 3d 694, 700, 704 N.E.2d 875 (1998). A trial court's dismissal of a complaint under this section is subject to *de novo* review. *Ferrer*, 301 Ill. App. 3d at 700.

■ Section 13—205 of the Code (735 ILCS 5/13—205 (West 1998)), in relevant part, states that "actions on unwritten contracts, expressed or implied, *** shall be commenced within 5 years next after the cause of action accrued." The statute of limitations begins to run when facts exist which authorize the bringing of an action. *Kozasa v. Guardian Electric Manufacturing Co.*, 99 Ill. App. 3d 669, 673, 425 N.E.2d 1137 (1981). When a creditor may legally demand payment from a debtor, a cause of action accrues and the statute of limitations begins to run. *Kozasa*, 99 Ill. App. 3d at 673.

■ Neither party in the present case relies on any case law factually on point. Here, plaintiff received from defendants commissions comprised of certain percentages "of all placement fees paid by companies" with whom she placed Hedlund workers and a yearly bonus based on her gross commissions. Additionally, although plaintiff alleged that she was entitled to payment twice per month, on the fifteenth and the last day of the month, her complaint clearly states that "at the time that her employment ceased" on October 18, 1993, "she was owed $11,152.89." As we stated above, plaintiff did not allege in her complaint that she was entitled to commissions on payments that had not yet been made to Hedlund Corporation, and the allegations of her complaint failed to raise the possible existence of such outstanding payments. Plaintiff also failed to even allege that any companies made payments after October 16, 1993, for which she allegedly was entitled to commissions. The complaint, in fact, alleged that Hedlund Corporation was involuntarily dissolved on November 1, 1993. Taking plaintiff's argument one step further, if the companies

reply brief that she voluntarily left her employment with Hedlund Corporation, and we find no evidence in the record that plaintiff's employment was, in fact, terminated by Hedlund Corporation.

with whom she had placed workers never, in fact, paid Hedlund Corporation, then plaintiff would not have been entitled to commissions on those payments. A letter dated October 15, 1998, only stated that the $11,152.89 figure was based on plaintiff's "records." The records were not attached to plaintiff's complaint or included in the trial record. There is no further explanation in plaintiff's complaint or elsewhere in the record regarding the amount plaintiff claims she was *owed* at the time of her separation or how these commissions were earned by plaintiff.

Based on the allegations of plaintiff's complaint, as discussed above, we find that plaintiff's cause of action for breach of contract accrued at the time of her separation from Hedlund Corporation on October 18, 1993. Plaintiff alleged that she was owed the amount claimed at the time her employment ceased. Plaintiff could have legally demanded payment at that point on October 18, 1993, and therefore, the five-year statute of limitations began to run. Accordingly, plaintiff's complaint filed on October 27, 1998, was untimely, and the trial court properly dismissed count I of her complaint.

Plaintiff next contends that the trial court erred in failing to consider all of the language of section 5 of the Wage Act, which she claims specifies that employers are permitted to wait until the end of the pay period to pay final compensation. Plaintiff argues, therefore, that her cause of action did not accrue until October 31, 1993, which meant that her complaint was filed within the five-year statute of limitations. Plaintiff also argues that section 5 of the Wage Act is ambiguous because it states that an employer "shall" make final payment to a departed employee at the time of separation, but then further states that the employer needs only make final payment at the time of separation if "possible" and that "in no case" can the employer wait longer than the next regularly scheduled payday. Plaintiff claims that this "internal contradiction" is ambiguous and the section should be interpreted in a manner that avoids an "absurd, inconvenient, or unjust" result. Plaintiff also argues that the term "possible" in section 5 cannot be defined and allows the date that a cause of action might accrue to vary depending on the employer's ability to pay an employee at the time of separation. Plaintiff maintains that departed employees would not have access to the employer's financial information or to the work schedules of the payroll department or payroll company which would prevent an employee from ever knowing whether or not it was "possible" for the employer to make final payment at the time of separation and, therefore, when the cause of action actually accrued, leading to the possibility of increased litigation costs from the filing of a lawsuit prematurely. Alternatively, plaintiff

requests that we remand this case to the trial court for a determination of whether it was possible for defendants to pay her at the time of her separation.

Defendants disagree with plaintiff's interpretation of the Wage Act, arguing that "shall," as used in section 5 "has a preemptive, imperative, compulsory, and mandatory sense as opposed to a permissive sense" and that a terminated employee has a "right and entitlement" to final compensation at the time of separation. Defendants compare the language in section 5 to interpretations of leases and mortgages when a tenant or mortgagor is allowed a grace period to make a payment that has become due but which does not diminish the landlord or mortgagee's entitlement to that payment or affect interest or penalties from collection, which are still determined from the date payment was originally due. According to defendants, because plaintiff was entitled to her final compensation at the time of her separation, her right to sue for the failure to pay also accrued on that day.

■■ ▪ Section 5 of the Wage Act provides:

"Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request." 820 ILCS 115/5 (West 1998).

Courts should not construe a statute in a manner that would lead to consequences that are absurd, inconvenient, or unjust. *McMahan v. Industrial Comm'n*, 183 Ill. 2d 499, 513-14, 702 N.E.2d 545 (1998). The fundamental principle of statutory construction is to ascertain and give effect to the intention of the legislature. *In re Application of the County Treasurer*, 302 Ill. App. 3d 639, 644, 707 N.E.2d 60 (1998). A reviewing court must first look to the words of the statute as the best indication of legislative intent. *County Treasurer*, 302 Ill. App. 3d at 644. If the words used in the statute are ambiguous or if the meaning is unclear, the court may consult the legislative history as an aid to construction. *County Treasurer*, 302 Ill. App. 3d at 644. Generally, the use of the word "shall" is regarded as mandatory. *Andrews v. Foxworthy*, 71 Ill. 2d 13, 21, 373 N.E.2d 1332 (1978). Where "shall" is used in reference to any right or benefit to anyone, and the right or benefit depends on giving a mandatory meaning to the word, it cannot be given a permissive meaning. *Andrews*, 71 Ill. 2d at 21. A court should avoid an interpretation of a statute that would render any portion of it meaningless or void. *McNamee v. Federal Equipment & Supply Store Co.*, 181 Ill. 2d 415, 423, 692 N.E.2d 1157 (1998).

■■ Civil suits by aggrieved employees under the Wage Act are

governed by the limitations provisions of the Code. *Clark v. Western Union Telegraph Co.*, 141 Ill. App. 3d 174, 177, 490 N.E.2d 36 (1986). The purpose of the Wage Act is to insure the prompt and full payment of wages due workers at the time of separation from employment, either by discharge, layoff or quitting. *Conlon-Moore Corp. v. Cummins*, 28 Ill. App. 2d 368, 373, 171 N.E.2d 676 (1960).

■ Neither party has cited to any case law specifically addressing the language of section 5 of the Wage Act, and our research reveals none. According to the language used in section 5, the statute states that the employer "shall" pay final compensation at the time of separation. As noted above, courts have found that the purpose of the Wage Act is to ensure prompt payment of wages to workers at the time of separation. The Wage Act, therefore, was intended as a benefit to workers, and the term "shall" as used in section 5 should be given a mandatory meaning. Although section 5 also states that payment shall be made at the time of separation "if possible," interpreting the statute as argued by plaintiff would in effect render the term "shall" meaningless. We are required to avoid an interpretation with this result under the rules of statutory construction. The "if possible" language does create an exception to the requirement that final compensation shall be paid at the time of separation. We therefore find that, based on the intended purpose of the Wage Act and a reasonable construction of section 5, final compensation must be paid at the time of separation, creating a cause of action if payment is not paid and starting the running of the statute of limitations.

Even though this result is not an aid to plaintiff here, we do not find that this result creates an absurd or unjust result by permitting separated workers to file claims for payment of final compensation immediately after separation even though the employer will be allowed to demonstrate why payment was not possible at that time. An employer's inability to pay an employee at the time of separation may excuse payment until the end of the next regularly scheduled payday, but this does not affect an employee's right to demand payment which still accrues at the time of separation for purposes of the statute of limitations.

Based on our holding, we need not address the precise meaning of the phrase "if possible," as used in section 5 of the Wage Act, or remand this cause as requested by plaintiff.

For the reasons stated, we affirm the order of the circuit court.

Affirmed.

HALL, P.J., and WOLFSON, J., concur.